## WILLIAM WILBORN
### *v.*
### TIMOTHY B. BLACKSTONE *et al.*

PRACTICE — *affidavit of merits on appeal.* On an appeal of a case of forcible detainer, in the Cook Circuit Court, *held*, that an affidavit of merits, which in substance conforms to the practice act applicable to the courts in Cook county, is sufficient, although it fails to give the title of the court or the term. Being properly entitled in the case, and regularly filed, it is readily seen to what cause the affidavit belongs, and, if required by the statute, will suffice. The statute requiring the affidavit, intended to prevent delay, and thereby promote justice, but not to cut off meritorious defenses to actions. It is held to be error to dismiss such an appeal on such an affidavit.

APPEAL from the Circuit Court of Cook county; the Hon. ERASTUS S. WILLIAMS, Judge, presiding.

This was an action of forcible detainer, commenced by Timothy B. Blackstone, Joel A. Matteson, Samuel L. Keith, Edward I. Tinkham and John Hossack, before a justice of the peace, against William Wilborn. A judgment by default was entered by the justice of the peace. The case was removed by appeal to the Circuit Court. A motion was there entered to dismiss the appeal for the want of a sufficient affidavit of merits. The appeal was on this motion dismissed, and judgment rendered against defendant for costs. And the case is

Opinion of the Court.

brought by appeal to this court, and the dismissal of the appeal is assigned for error. The grounds of the motion sufficiently appear in the opinion of the court.

Messrs. BARKER, TULEY & CUYLER, for the appellant.

Mr. JOHN LYLE KING, for the appellees.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

This was an action of forcible entry and detainer commenced before a justice of the peace in Cook county. A trial was had, when plaintiffs recovered judgment, and defendant removed the case to the Circuit Court by appeal. Plaintiffs entered a motion in that court to dismiss the appeal for want of a sufficient affidavit of merits, which is this:

" STATE OF ILLINOIS, $\left.\begin{array}{c}\end{array}\right\}$ *ss:*
    COOK COUNTY,

| | |
|---|---|
| "TIMOTHY B. BLACKSTONE, JOEL A. MATTESON, SAMUEL L. KEITH, for themselves, and TIMOTHY B. BLACKSTONE, EDWARD I. TINKHAM, and JOHN HOSSACK, as Trustee of the Estate of GEORGE BARNET, *v.* WILLIAM WILBORN. | *Forcible Detainer in Justice's Court, on appeal from C. D. Wolf, J. P.* |

" This affiant, William Wilborn, being duly sworn upon oath, says: That he has a good defense to said suit upon the merits, and that he is the above named defendant.

" WILLIAM WILBORN.

"Sworn to and subscribed to before me, May 22, 1865.
    " C. D. WOLF, J. P."

The objection urged against this affidavit is, that it is not entitled of the court, or of the term to which the cause was appealed. It will be seen that it has a proper venue; is properly entitled of the cause, and no objection is taken to the substance or matter stated in the body of the affidavit. If the statute requires an affidavit in this class of cases, which we deem unnecessary to determine at this time, still we regard this as sufficient. It may be, that, in Great Britain,

before the adoption of their recent rules of practice, such an affidavit would have been defective, because it was not entitled of the court and of the term. But, under the more liberal rules of practice which obtain in this country, it is believed such strictness is-not observed. This at most can be regarded only as a strictly technical objection. And when it can be certainly determined to what case, and in what court, the paper belongs, it must be held to answer the requirements of the law. When entitled of the case and property filed, no difficulty can ever occur in determining these questions. When a party has a meritorious defense, courts should be slow to adopt rules of practice so rigid as to be well calculated to deprive a party of his right to interpose such a defense and thus prevent a wrongful recovery against him.

Here is an affidavit duly sworn to and filed, and there can be no doubt either as to the court or term to which it is filed, stating that the defendant has a meritorious defense, and for the purpose of this motion, it must be regarded as true, and shall it be said that the party shall be deprived of his defense, and a recovery had against him, simply because he has failed to indicate in his affidavit what court and term in which the cause is pending, when both facts are certainly known by the file mark and the names of the parties. It may be that with pleas in abatement a different rule should prevail, as they are not favored because they usually delay justice, and, therefore, the most technical precision is required. But natural justice and every principle of right require that a party having a defense to the merits, should be permitted to establish it and prevent a recovery. The statute was not designed to cut off meritorious defenses, but to prevent unjust delays in the administration of justice. The statute was intended to promote and not to obstruct justice. We are, therefore, of the opinion, that this affidavit was sufficient, and that the court below erred in dismissing the appeal.

The judgment of the court below is reversed and the cause remanded.

*Judgment reversed.*