## ROBERT L. BELL

*v.*

## OZIAS L. NIMS *et al.*

1. PRACTICE—*Cook Circuit Court—in all cases appealed to—affidavit of merits required.* Under the act of January 14th, 1857, regulating the practice in the Circuit Court of Cook County, in all appeals prosecuted to that court, no matter what the form of action, or where the domicil of appellant may be, an affidavit of merits must be filed within the period limited to plead, as in other cases, to prevent a dismissal of the appeal.

2. APPEAL—*from justice of the peace—when dismissed—discretionary with the court whether default shall be set aside.* An appeal from a justice of the peace to the Circuit Court of Cook County, was dismissed by the court upon motion, for want of an affidavit of merits, and a *procedendo* awarded to the justice. Afterwards, and at the same term, the defendant's attorney filed an affidavit of merits, and that he was informed and believed that defendant was not a resident of Cook county, and entered a motion to set

aside the default, which motion the court overruled. *Held*, that there was no error in this, it being discretionary with the court, whether to set aside the default or not.

APPEAL from the Circuit Court of Cook county; the Hon. ERASTUS S. WILLIAMS, Judge, presiding.

The opinion of the court states the case.

Messrs. RAE & MITCHELL, for the appellant.

Messrs. DENT & BLACK and Messrs. M. A. RORKE & SON, for the appellees.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action of trespass, for damages sustained by a collision of vessels in the Detroit river, by appellee, before a justice of the peace of Cook county, against appellant. A trial was had before the justice of the peace, resulting in a judgment in favor of plaintiff, for the sum of $92.82. The defendant thereupon removed the case to the circuit court by appeal, and at the September term, 1868, plaintiff entered a motion to dismiss the appeal for want of an affidavit of merits, which was sustained by the court; the appeal was dismissed and a *procedendo* was awarded to the justice of the peace. Defendant's attorney some days after, but during the same term, filed an affidavit of merits, and that he was informed and believed that defendant was not a resident of Cook county, and entered a motion to set aside the default. The court below overruled the motion, and the cause is brought to this court on appeal.

This record presents the question, whether under the various statutes prescribing the practice in the Circuit Court of Cook County, an affidavit of merits is required in an action of trespass appealed from a justice of the peace to that court.

The third section of the act of Feb. 12, 1853, Pub. Laws, p. 173, declares that the plaintiff, where he has procured service of process, with a copy of the declaration, and a rule to plead ten days before the term, shall be entitled to a default, unless the defendant or his attorney, if the defendant be a resident of Cook county, shall, within ten days file a plea to the action and an affidavit of merits, if the suit be founded on a contract.

The seventh section of the act of Jan. 14, 1857, Pub. Laws, p. 11, declares that all suits pending in the Cook County Circuit Court, and Cook County Court of Common Pleas, by appeal from any inferior court, may be dismissed by the court whether appellee shall be served with process or not, unless the appellant shall file an affidavit of merits before the expiration of the rule to plead, as in other cases. The act of the 22d of February, 1861, Pub. Laws, p. 15, declares, that in all cases of appeals from justices of the peace, perfected ten days before the first day of the term of the appellate court, the appearance of the appellee may be entered in writing, and if such appearance shall be entered ten days before such term, the cause shall stand for trial at that term. These are the provisions of the law regulating the practice, to which reference has been made by counsel of the respective parties in this case, and are admitted to govern its decision.

Appellant contends that the last clause referred to in the seventh section of the act of 1857, only requires an affidavit of merits in cases appealed from judgments on contracts, as it requires them to be filed as in other cases; and the act of 1853, only requires affidavits of merits in suits on contracts, and when the defendant is a resident of the county. And, inasmuch as this was an action of trespass, and not on a contract, and as appellant was not a resident of Cook county, he was not required to file an affidavit of merits. On the other side it is urged, that the first clause of that section embraces all cases of appeal, without reference to the nature of the action or to the residence of the appellant, and that the last clause has reference to the manner simply of filing the

affidavit of merits. The language of the first clause of the act is, " That all suits pending in the said Circuit Court of Cook County and Cook County Court of Common Pleas, at any trial or vacation term of said courts, by appeal from any inferior court or jurisdiction, may be dismissed by said courts at either of said terms, whether the appellee shall have been served with process or not, unless the appellant shall file an affidavit of merits before the expiration of the rule to plead, as in other cases."

This provision, in terms, embraces all appeals, without reference to the nature of the action, the residence of the defendant or the service of the appellee. To hold that actions in tort, or non-resident defendants were not embraced, would be to violate the clear import of the language used. To exclude such actions or such defendants, would be to apply its provisions to a part only of actions on appeal in those courts, when the statute declares that it shall apply to all, without making any exception. And when it declares that an affidavit of merits shall be filed within the period limited to plead, as in other cases, to prevent a dismissal, it evidently refers to the time, manner and terms upon which the affidavit shall be filed, and the matter it shall contain. The first part of the section had declared, that all appeal cases should be dismissed, but the latter clause introduces an exception which permits the appellant to prevent the dismissal of his appeal, if he will file the same kind of affidavit of merits, and within the same time, as is required in a class of cases specified by the practice act, in original suits, in those courts.

Had the legislature intended to apply this requirement only to appeals in suits on contracts, the first clause would only have named such, or there would have been an after clause excepting them from the operation of the first clause of the sentence. We have looked at the case of *Wilborn* v. *Blackstone*, 41 Ill. 264, to which we have been referred, and find that we did not determine whether the practice act applied to cases of tort on appeal, but expressly reserved the question.

We said, and still adhere to the rule, that for mere technical and purely formal objections, we would not disregard an affidavit of merits; that when it was good in substance, filed in apt time, in the proper court, and entitled of a cause between the proper parties to the suit, we would not hold it insufficient, because it did not state the court or term, but in the promotion of justice, we would hold it sufficient; that for so slight and purely technical omission, we would not subject an appellant to the payment of an unjust demand. But in this case there was no effort to comply with the statute. The affidavit filed after the appeal was dismissed came too late; and at that stage of the proceeding it was a matter of discretion whether the court would set aside the default.

The judgment of the court below is affirmed.

*Judgment affirmed.*