## ·H. CLAY CONE

*v.*

## FRANKLIN S. WOODWARD.

| 65 | 477 |
| 166 | 418 |

1. FORCIBLE DETAINER *under act of* 1865—*as to what constitutes a forfeiture.* To create a forfeiture, so as to support, under the act of 1865, an action of forcible detainer, for non-payment of rent, four things must concur: There must be a default in paying the rent, a demand of the same and ten days notice to quit, and a failure to pay the rent before the expiration of the ten days notice.

2. SAME—*of the sufficiency of the complaint.* And in an action of forcible detainer for a failure to pay rent, if the plaint does not aver that a demand of the rent was made, it is insufficient to support a judgment of forfeiture.

APPEAL from the Circuit Court of Cook county; the Hon. LAMBERT TREE, Judge, presiding.

Messrs. RICH & THOMAS, for the appellant.

Mr. MATTHEW P. BRADY, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action of forcible detainer, instituted by appellee before a justice of the peace of Cook county, against appellant, to recover the possession of a house and lot in the city of Chicago. A trial was had before the justice and resulted in a judgment in favor of the plaintiff, from which an appeal was prayed and perfected to the circuit court.

Afterwards, at the May term, 1872, plaintiff entered a motion to dismiss the appeal for the want of an affidavit of merits, which motion was sustained by the court; the appeal was dismissed and a *procedendo* was awarded.

During the same term of the court, defendant entered a motion to set aside the order dismissing the appeal, but the

court overruled the motion, and this appeal is prosecuted to reverse the judgment of the court below.

It was urged, in the court below, that an affidavit of merits was not required in this class of cases by the law regulating the practice in the courts of Cook county; but counsel, in view of the case of *Bell* v. *Nims,* 51 Ill. 171, have abandoned that point in their argument.

It is urged in this court, that the circuit court should have dismissed the suit because the complaint was insufficient to sustain a judgment—that it fails to show a cause of action.

It does not appear, from the complaint exhibited before the justice of the peace, that any demand of the rent was ever made. At the common law, when a lease gave the power to declare a forfeiture because rent was in arrear, there was a number of things required to be done by the landlord, before the forfeiture could be had. These requirements being difficult of performance, the act of 1865 was adopted to simplify the mode of declaring a forfeiture.

That act declares that, where the covenant of a lease has been violated by the non-payment of the rent when due, it shall be sufficient for the landlord, his agent or attorney, to make demand for payment of the rent on any day prior to the commencement of his action of forcible detainer; and in cases under the fourth section, it is declared that only ten days notice to quit is necessary.

Under this statute, before there can be a forfeiture there must be a demand of payment of the rent due. To create the forfeiture under the statute, there must be a default in paying the rent, a demand of the same, and ten days notice to quit, and a failure to pay the rent before the expiration of the ten days notice. When these things all concur, they operate to produce a forfeiture, and no action accrues until after they have occurred.

In this case the plaint fails to state that a demand of the rent was made, and in the absence of such an allegation, there was shown no right to recover. On this plaint, had there

been a trial, and verdict for plaintiff below, the judgment, on motion, would have been arrested. Proof óf all the allegations in the plaint would have constituted no cause of action; and as no recovery could have been had in the case, it was error in the court below to refuse to set aside the order dismissing the appeal, and in not dismissing the suit, in the absence of a cross motion and leave to amend the plaint.

For the error indicated, the judgment of the court below is reversed and the cause remanded.

*Judgment reversed.*