| 73 | 241 |
| 145 | 247 |
| 73 | 241 |
| 44a | 66 |
| 73 | 241 |
| 48a | 241 |

FRANKLIN S. WOODWARD

*v.*

H. CLAY CONE.

1. LANDLORD AND TENANT — *notice to forfeit term for non-payment of rent.* Under the act of 1865, ten days' notice of an intention to declare a forfeiture of a lease for the non-payment of rent is required, before the bringing of suit to recover possession.

2. SAME—*what necessary to forfeiture.* To create a forfeiture, under the act of 1865, for non-payment of rent, there must be a demand of the rent, and ten days' notice to quit, and a failure to pay the rent before the expiration of the ten days, and the action of forcible detainer will not lie until all these things take place.

3. Same—*provision in lease as to notice, construed.* A clause in a lease "that if, at any time, the said term should be ended at such election of the lessor, or in any other way," and the lessee should remain in possession two days after notice of such default, he would be deemed guilty of a forcible detainer, under the statute, etc., has reference only to a case where the term is *ended,* and the notice refers to such a case only. Where the ten days' notice is not given, the landlord can end the term only by proceeding as at common law.

4. Same—*what necessary to forfeiture at common law.* To bring about the end of the term under the re-entry clause in a lease, by the common law, it is not enough that the rent is not paid and the landlord declares the term forfeited, but it is also necessary to make a demand of the rent on the day it falls due, for the precise amount, at a convenient hour before sunset, on the land, etc.

Writ of Error to the Circuit Court of Cook county.

Messrs. Grant & Swift, and Mr. Matthew P. Brady, for the plaintiff in error.

Mr. A. D. Rich, for the defendant in error.

Mr. Justice Sheldon delivered the opinion of the Court:

This was a suit of forcible detainer, commenced on the 3d day of April, 1872, under the act of 1865 (Laws of that year, page 107), and growing out of the alleged forfeiture of a lease for non-payment of rent.

The court below dismissed the suit for the insufficiency of the complaint, and the propriety of so doing is the only question now involved, which, it is conceded, turns upon the point, whether sufficient notice to quit was averred in the complaint.

The complaint sets forth that, on May 1, 1871, the premises were leased to the defendant till May 1, 1872, at the rent of $57.50, payable on the 15th day of each month; that default was made in the payment of the month's rent due March 15, 1872; that it was demanded of the defendant March 20, 1872, and refused to be paid; that, on the 27th day of March, 1872, a notice was duly served upon the defendant that in consequence of his default in payment of the rent, the complainant had elected to determine the lease, and thereby notified the

defendant to quit and deliver up possession of the premises within two days after the date of the notice.

In *Chapman* v. *Kirby*, 49 Ill. 216, this court said: "It was held in the case of *Chadwick* v. *Parker*, 44 Ill. 326, in giving a construction to this statute (of 1865), that ten days' notice must be given, and that the tenant may pay the rent in arrear within that time, and prevent forfeiture."

It was also held, when the present case was formerly before this court, in *Cone* v. *Woodward*, 65 Ill. 477, that, "to create the forfeiture under the statute, there must be a default in paying the rent, a demand of the same, and ten days' notice to quit, and a failure to pay the rent before the expiration of the ten days' notice. When these things all concur, they operate to produce a forfeiture, and no action accrues until after they have occurred."

There was not here a sufficient length of notice—being only seven days—the notice having been given March 27, and suit commenced April 3, 1872.

But it is insisted that any one may renounce or waive that which has been established in his favor, and that here the parties waived the ten days' and stipulated for but two days' notice. The lease has a clause for re-entry and right of removal of the tenant, upon a default in payment of rent on any day it falls due, and then follows this provision: "And that if, at any time, the said term should be ended at such election of the lessor, or in any other way, and the said H. Clay Cone should remain in possession of the said demised premises two days after notice of such default, he should be deemed guilty of a forcible detainer of said demised premises, under the statute, and should be subject to eviction and removal, with or without process of law, as therein stated." This provision of two days' notice, and being guilty of a forcible detainer, was only in case of the term being *ended*, at the election of the lessor, or in any other way. Now, to bring about the end of the term under the re-entry clause, by the common law, it was not enough that the rent was not paid, and that the lessor should declare the term forfeited, but

there must have been a strict compliance with several prerequisites, as, a demand of the rent on the day it fell due, for the precise amount, at a convenient hour before sunset, on the land, etc. *Chadwick* v. *Parker*, and *Chapman* v. *Kirby*, *supra*. There is no pretense that any of these things had been done. Hence, the term was not *ended*, under the common law, nor in any way, except under the statute of 1865, and the provision of the lease relied upon could not have come into operation, unless the tenancy had been previously terminated under this statute of 1865. That statute, in the proceeding under it, dispenses with the niceties in making the common law demand of the rent; but, to create a forfeiture under the statute, there must be, as before decided in this case, a demand of the rent, and ten days' notice to quit, and a failure to pay the rent before the expiration of the ten days' notice, and there is no forfeiture, and no action accrues, until after all these things have occurred.

There had not been here ten days' notice, nor a failure to pay the rent before the expiration of ten days' notice to quit, and the complaint showed no right of action, and the suit was properly dismissed.

The judgment is affirmed.

*Judgment affirmed.*