RALPH ATKINSON, appellant *v.* LEWIS LESTER, JOHN LESTER, and MARSHALL LESTER, appellees.

*Appeal from Cook.*

To constitute a forcible entry and detainer under the statute of this State, it is not necessary that actual force and physical violence should be used.

The statute in relation to forcible entry and detainer provides for three cases:

1. A wrongful or illegal entry, as contradistinguished from a forcible and violent one.
2. A forcible entry committed with actual force and violence.
3. A wrongful holding over by a tenant.

In an action for forcible entry and detainer, the description of the premises in the affidavit, was as follows: "The premises enclosed by us, situate in the County of Cook, and State of Illinois, being the same on which you now reside, containing about one hundred acres, more or less, and commonly called North Grove:" *Held* that the description was sufficient.

A Court is not bound to instruct the jury upon mere abstract propositions of law, which do not refer in any way to the evidence in the case.

THIS cause was tried at the May term, 1837, of the Cook Circuit Court, before the Hon. John Pearson.  Judgment and verdict were rendered for the appellees.

On the trial the following bill of exceptions was taken:

"This was an action of *forcible entry and detainer,* based on the following affidavit:

'State of Illinois, ⎱
  Cook County,  ⎰ ss.

Lewis Lester makes complaint to the undersigned, two of the justices of the peace in and for the county aforesaid, on oath, and says that he, the said Lewis Lester, Marshall Lester, and John Lester, of the county aforesaid, are justly and láwfully entitled to the possession of the premises mentioned and described in the notice hereto annexed, situate in the county of Cook aforesaid; that said Lewis, Marshall, and John were heretofore, to wit,

on the first day of May last, in the lawful and peaceable possession of said premises, and the said Ralph Atkinson, afterwards, to wit, on the said first day of May, wilfully and forcibly entered into the possession thereof, and forcibly detained, and still detains the possession of said premises, from the said Lewis, Marshall, and John, unlawfully, without right, contrary to the statute in such case made and provided; although the said Marshall, Lewis, and John, have caused a demand of the possession of said premises, to be made in writing, on the said Ralph Atkinson : Wherefore they pray process against said Ralph, to answer said forcible entry and detainer.

LEWIS LESTER.

Subscribed and sworn to before the undersigned
    justices, this 17th day of August, A. D. 1836.

EDWARD E. HUNTER, J. P.<br>
SIDNEY ABELL, J. P.'

*Copy of the notice alluded to in said affidavit.*

' To Mr. Ralph Atkinson.

Sir,—We hereby demand immediate possession of the premises enclosed by us, situate in the county of Cook, and State of Illinois, being the same on which you now reside, containing about one hundred acres of land, more or less, and commonly called North Grove: Mr. Edgar Wait, our agent, is authorized to receive the possession of said premises from you for us.

Yours, &c.,                LEWIS LESTER & Co.

August 10th, 1836.''

The Court, on the trial of the cause, gave to the jury the following, among other instructions :

' This is an action under our statute, and is not governed in all respects by the laws quoted of other countries and States, relating to actions of the same character in name.    The Court takes a distinction between this law of ours and the ' English law.'

' If you, the jury, shall believe from the evidence, that the defendant entered wrongfully, and without lawful right, and then kept the plaintiffs out from regaining possession, it is sufficient to sustain this action; and it is not necessary to prove actual force and physical violence to sustain the action.'    To which several opinions of the Court the defendant then and there excepted, and prayed the Court to sign and seal his bill of exceptions.

The defendant also moved the Court to instruct the jury, as follows, among others, to wit :

6. That a mere trespass, without other acts of force and violence, is not such force and violence as will constitute a forcible entry and detainer.

9. That to constitute a forcible entry, the party must enter with strong hand, or force and violence.

Which sixth in the precise language stated, and ninth instructions of the defendant, the Court refused to give; but the Court did instruct the jury, that if they believed from the evidence, the defendant first entered on the land in possession of the plaintiffs unlawfully, and took possession and kept the plaintiffs afterwards out of the possession, he was a trespasser, and the law was for the plaintiffs; and that actual force and positive violence, spoken of in the English authorities quoted, was not necessary to sustain this action under our statute. To which opinion of the Court, the refusal of the Court to give the 6th and 9th instructions, the defendant by his counsel excepted; and prayed the Court to sign and seal this his bill of exceptions, which is done in open Court.

JOHN PEARSON, [L.S.]"

JAMES GRANT, for the appellant, cited 3 Burrow 1731; 1 Russell on Crimes, 283, 287; 1 Yates 501; Breese 35.

T. FORD, for the appellees.

SMITH, Justice, delivered the opinion of the Court:

This was an action of *forcible entry and detainer,* prosecuted before two justices of the peace, and removed by appeal to the Circuit Court of Cook county, and by appeal from that Court to this. The following points are made and relied on as grounds of error by the appellant :

1. That the affidavit and notice do not contain a sufficient description of the premises.

2. That the Circuit Court in refusing to instruct the jury, "That a mere trespass without other act of force and violence, is not such force and violence as will constitute a forcible entry and detainer; and that to constitute a forcible entry, the party must enter with strong hand or force and violence;" and also, in instructing the jury, "That, if they should believe, from the evidence, that the defendant entered wrongfully and without lawful right, and then kept the plaintiffs out from regaining possession, it is sufficient to sustain this action; and it is not necessary to prove actual force and physical violence to sustain this action."

The description in the affidavit and notice is, " of the premises enclosed by us, situate in the county of Cook, and State of Illinois, being the same on which you now reside, containing about one hundred acres of land, more or less, and commonly called North Grove." This description, although general, is sufficiently certain for the purposes of this action.

In considering the second point, it may be remarked, that the

21

instructions asked are mere abstract propositions of law, and do not in any way refer to the evidence in the cause, though they may be referrible to a case of forcible entry and detainer, and might have been, as mere abstract questions, refused to be given by the Court; but they were properly refused, and the instructions given were correct.

The act of the legislature of this State in regard to forcible entry and detainer, is peculiar in its phraseology, and evidently provides a remedy for three classes of cases under the law.

The first section declares, that " If any person shall make entry into lands, tenements, or other possessions, except where entry is given by law, or shall make any such entry by force; or if any person shall wilfully, and without force, hold over any lands, tenements, or other possessions, after the determination of the time for which such lands, tenements, or possessions were let to him, or to the person under whom he claims, after demand made in writing for possession thereof, by the person entitled to such possession, such person shall be adjudged guilty of a forcible entry and detainer, or of a forcible detainer, as the case may be, within the intent and meaning of this act."(1)

From this section it will be perceived that there is, First, a wrongful or illegal entry, as contradistinguished from a forcible or violent one ; Secondly, a forcible one by means of actual violence; and, Thirdly, that of a wrongful holding over of a tenant.

This case may then be arranged to the first class contemplated by the statute ; and the instructions of the Court were directly applicable to it, and properly given.

The judgment is affirmed with costs.

*Judgment affirmed.*