# The Cairo and St. Louis Railroad Company

### *v.*

# The Wiggins Ferry Company.

1. Forcible detainer—*complaint need not show that plaintiff was ever in possession.* Whilst, in an action of forcible entry and detainer, it is necessary for the plaintiff to aver and prove he was in possession of the premises, and his possession was invaded by the defendant, it is sufficient, in an action of forcible detainer, if the complaint shows the relation of land-lord and tenant to have existed, that the time for which the premises were let has expired, and that the tenant persists in holding the premises after demand made, in writing, for the possession thereof.

2. Same—*description of premises.* Any description by which the premises can be readily identified and located, is all that is required in a complaint in an action of forcible detainer.

3. Landlord and tenant—*effect of holding over by tenant, after termination of lease.* A tenancy from year to year can not be inferred from the mere fact of holding over by the tenant; the landlord must, in some manner, recognize the tenancy, and the mere fact that he takes no steps, after a lease expires by its own terms, to regain the possession, can not be regarded as an act from which an inference of a new tenancy can be drawn.

Appeal from the City Court of East St. Louis.

Messrs. Searls & Millard, for the appellant.

Mr. H. P. Buxton, and Mr. William C. Ellison, for the appellee.

Mr. Justice Craig delivered the opinion of the Court:

This was an action of forcible detainer, brought by the Wiggins Ferry Company, against the Cairo and St. Louis Railroad Company, to recover possession of certain premises, claimed to have been let on the 10th day of May, 1873, for the term of eight months. To the complaint, the defendant filed a general demurrer, which the court overruled. The defendant abided by the demurrer, and the court rendered judgment in favor of the plaintiff, for possession of the premises described in the complaint.

It is alleged, in the complaint, that on or about the 10th day of May, 1873, the following described premises, in the city of East St. Louis, to-wit:   So much of a certain right of way and railroad embankment, used by the Cairo and St. Louis Railroad Company for railroad purposes, as lies upon lots 14, 15, 16, 17, 18, 19, 20, 21, 22 and 23, of block 8, of the Ferry Division of East St. Louis, of said county and State, and also so much of said right of way and railroad embankment, used by said railroad company as aforesaid, as lies upon lots 13 and 14, and the south one-third of lot 12 of block 12 of the said Ferry Division, and also so much of the said right of way and railroad embankment, used by said railroad company as aforesaid, as is located between the southern boundary line of said block 12 and the western bank of Cahokia creek, running in a curve from said line of said block, in a southerly and southeasterly direction, to the bank of said creek, now let by the said Wiggins Ferry Company to the said Cairo and St. Louis Railroad Company, for the term of eight months, and no longer, without any reservation of rent of the said premises; that the said time has expired, and the lease terminated by its own limitations on the 10th day of January, A. D. 1874, pursuant to the terms of the agreement under which said premises were held as aforesaid, and that since said termination as aforesaid, the said Cairo and St. Louis Railroad has been in possession of said premises, without the consent and against the will of the said Wiggins Ferry Company; that on the 4th day of October, A. D. 1875, and after the determination of said lease, the said Wiggins Ferry Company demanded of the said Cairo and St. Louis Railroad Company possession of the said premises, and served a notice of such demand, in writing, on the said Cairo and St. Louis Railroad Company, by delivering a copy thereof to and leaving the same with F. A. Hued, agent of said Cairo and St. Louis Railroad Company, the president thereof not being found in this county, which said demand was served by John DeHaan, properly authorized by said Wiggins Ferry Company to serve the same, and with the return thereon is hereto attached and made a part of this

complaint. Said tenancy has terminated by limitation as afore-
said, and said Wiggins Ferry Company is now entitled to the
possession of said premises, and said Cairo and St. Louis Rail-
road Company wilfully, and without force, holds over such pos-
session after the determination of the term for which said
premises were let as aforesaid, and after said demand in
writing; wherefore said Wiggins Ferry Company prays a sum-
mons in pursuance of the statute.

It is first urged, by the defendant, that the complaint is defect-
ive in this, that it does not state or show that the plaintiff was
ever in the possession of the premises, or that the defendant
received the possession from the plaintiff.

In an action of forcible entry and detainer, as has been held in
*Thompson* v. *Sornberger*, 59 Ill. 326, and other cases in this
court, it is necessary to aver and prove that the plaintiff was
in possession of the premises, and that the possession was in-
vaded by the defendant; but in an action of forcible detainer,
it is sufficient if the complaint shows the relation of landlord
and tenant to have existed; that the time for which the prem-
ises were let has expired, and that the tenant persists in hold-
ing the premises after demand made in writing for the posses-
sion thereof. *Smith* v. *Killeck*, 5 Gilm. 293; *Dunne* v.
*Trustees of Schools*, 39 Ill. 578.

From the complaint in this case, it appears that the premi-
ses were let by the plaintiff to the defendant, on the 10th day
of May, 1873, for the term of eight months; that the term
expired and the lease terminated on the 10th day of January,
1874; that since that time the defendant has held the posses-
sion, without the consent and against the will of the plaintiff;
that after the lease expired, demand in writing was made for
possession.

The statute prescribes no particular form for a complaint,
but the substance of all that is required by the statute and the
decisions *supra*, where the essential elements of a good com-
plaint were considered, seems to have been incorporated in the
complaint, and we must hold it sufficient.

It is also urged by the defendant, that the holding over after the expiration of the lease, created a tenancy from year to year or month to month, and a notice of sixty or thirty days was necessary to terminate the tenancy. The tenancy set out in the complaint contains none of the elements of a tenancy from year to year. The leasing was for a definite term, and, after it expired, the defendant held over, without, however, the consent of the plaintiff. A tenancy from year to year can not be inferred from the mere fact of holding over; the landlord must, in some manner, recognize the tenancy. If, after the lease expired, the landlord should agree upon a term, or receive rents, or recognize the party holding over as his tenant, these and kindred facts might be regarded as facts from which a tenancy might be created. But the mere fact that the landlord takes no steps, after the lease expires by its own terms, to regain the possession, can not be regarded as an act from which an inference of a new tenancy could be drawn.

The tenancy set out in the complaint seems to fall clearly within the provision of section 12, chap. 80, Revised Laws of 1874, p. 659, which declares that, when the tenancy is for a certain period, and the term expires by the terms of the lease, the tenant is then bound to surrender the possession, and no notice to quit or demand of possession is necessary.

It is next claimed by the defendant, that the premises are not described with reasonable certainty. The description, by the numbers of the lots, location and the manner in which they are used, would seem to be as definite and certain as if the premises had been described by metes and bounds. Any description by which the premises could readily be identified and located, is all that could be required. That has been given, and we consider it sufficient.

It is said, the court erred in rendering judgment without hearing evidence to support the averments in the petition. The demurrer interposed by the defendant admitted the truth of all the material averments in the complaint, and evidence to sustain them was not required.

If, upon overruling the demurrer, the defendant had inter-
posed a plea of the general issue, then the plaintiff would have
been compelled to have introduced evidence to sustain the
complaint; but the defendant saw proper to abide by its de-
murrer, and it is now too late to complain that facts were not
proven which were admitted in the record.

As we perceive no substantial error in the record, the judg-
ment will be affirmed.

*Judgment affirmed.*