## John Adams v. Henry Pacini.
### Gen. No. 11,718.

1. FORCIBLE DETAINER—*when judgment entered in, sustained.* A form of judgment entered in such cause, as follows: "It is considered by the court that the plaintiff should have and recover of and from the said defendant the right of possession of the premises in question, together with his costs and charges," though not approved in form, is sustained.

2. FORCIBLE DETAINER—*how judgment in, aided.* A judgment in forcible detainer in respect to the description of the premises involved, may be aided by intendments drawn from the pleadings and other parts of the record.

Forcible entry and detainer proceeding. Appeal from the County Court of Cook County; the Hon. DWIGHT C. HAVEN, Judge, presiding. Heard in this court at the March term, 1904. Affirmed. Opinion filed January 23, 1905. Rehearing denied March 14, 1905.

STEELE & WEISSENBACH, for appellant.

ANGELO S. CELLA and CECIL PAGE, for appellee.

MR. JUSTICE BROWN delivered the opinion of the court. The chief objection made here to the judgment rendered

in this suit of forcible entry and detainer in the County Court, is that it is too indefinite and uncertain. It reads: "It is considered by the court that the plaintiff should have and recover of and from the said defendant the right of possession of the premises in question, together with his costs and charges," etc. This is certainly an entry of judgment in a form not at all to be commended. It brings forcibly to the mind of the court the language of Judge Walker in Martin v. Barnhardt, 39 Ill. 9, forty years ago: "With the rapid advance in education and in all the branches of art and science which characterizes this age, it is a source of regret to see the equally rapid decline in the certainty and precision so necessary to the records of our courts of justice. * * * It is to be regretted also, because a slight degree only of attention on the part of the officers of the law could prevent all of the inconvenience, delay and loss consequent to such imperfect records." This is sound doctrine, as well suited to these times as to those in which it was written. But we do not think the law justifies us in interfering with this judgment for this cause. It ought not to have been entered in the form in which it appears, but having been so entered, it can be sustained. "The premises in question" can refer to nothing but the premises described in the complaint before the justice, and in the transcript filed in the County Court. And the authorities are to the effect that a judgment, in this respect of the descriptions of premises, may be aided by intendments drawn from the pleadings and other parts of the record. Black on Judgments, Vol. 1, S. 117; Freeman on Judgments, S. 54; Haws v. Victoria Copper Mining Co., 160 U. S., 303-314.

The other errors are not well assigned. There was no motion for a new trial shown by the bill of exceptions, and the recitals of the judgment do not obviate this failure. Neither the sufficiency of the evidence nor the correctness of the instructions can be inquired into by us. East St. Louis Electric St. R. R. Co. v. Cauley, 148 Ill. 490. But it would be of no avail to the appellant if they could. We have read the evidence, and there can be no serious question of its sustain-

ing the verdict for the appellee and the instruction to find it given by the court.

The judgment is affirmed.

*Affirmed.*