## W. C. Foster, Appellee, v. Matt Rudis et al., Appellants.

## Gen. No. 6,080.

1. FORCIBLE ENTRY AND DETAINER, § 95*—*when form of judgment sufficient.* A judgment in forcible entry and detainer for plaintiff and against defendants "for possession of the premises involved in said cause" while not in approved form, as requiring resort to the complaint for a sufficient description of the premises, is nevertheless sufficient.

2. APPEAL AND ERROR, § 800*—*when matter not properly preserved for review.* The fact that a motion for a new trial is preserved in the record kept by the clerk is not sufficient where it is not contained in the bill of exceptions.

3. APPEAL AND ERROR, § 600*—*when motion for new trial not essential to right of review.* Even though no motion for a new trial was made, the defeated party may have reviewed on appeal the decisions of the court upon objections to evidence and the like where exceptions thereto have been properly preserved by the bill of exceptions.

4. APPEAL AND ERROR, § 551*—*when formal exception not necessary.* Under section 81 of the Practice Act (J. & A. ¶ 8618), as amended in 1911, a party may have adverse ruling reviewed without taking a formal exception thereto.

5. LANDLORD AND TENANT, § 465*—*when payment of arrears of rent prevents forfeiture.* If a tenant pays the rent in arrears within ten days after service of notice of default by the landlord, the forfeiture of the lease is thereby prevented.

6. LANDLORD AND TENANT, § 465*—*when offer of payment sufficient to prevent forfeiture of lease.* Where a tenant, within ten days after notice served by the landlord of the termination of his lease for failure to pay rent, pays $375 of the $400 due and within the same period tenders the remaining $25 which the landlord refuses, such payment and tender are sufficient to avoid the forfeiture, and no plea of tender is necessary to admit such defense, nor is it necessary that the tender of the $25 be kept good.

Appeal from the County Court of Lake county; the Hon. PERRY L. PERSONS, Judge, presiding. Heard in this court at the April term, 1915. Reversed and remanded. Opinion filed October 20, 1915.

GEORGE C. GUTHRIE, for appellants.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

FULTON, GAREY & DEUTSCHMAN, for appellee.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

This was forcible detainer brought in the County Court of Lake county to recover possession of a farm. Defendants pleaded not guilty and there was a jury trial. Defendants offered certain evidence which they claimed established a complete defense. The court sustained objections thereto and directed a verdict for plaintiff, and it was returned and there was a judgment thereon for the recovery of the premises, and defendants prosecute this appeal therefrom.

The judgment was for plaintiff and against defendants "for possession of the premises involved in said cause." We do not approve of this form of judgment. It is exceedingly general. In order to issue a writ of restitution which any officer could safely execute, the clerk must resort to the complaint, where the premises were sufficiently described. If the complaint were lost from the files, the clerk could not issue a sufficient writ. Such a reference to the complaint seems, however, to be justified by the authorities. 1 Freeman on Judgments (4th Ed.), sec. 50c, states the rule as follows: "The property which is the subject of a judgment or decree must also be described with sufficient certainty to leave its identity free from doubt; but the bill or complaint may be referred to in the judgment for the purpose of description. * * * A judgment may be aided by the pleadings and the other parts of the record, and if the description obtainable from it and them would be sufficient if found in a conveyance to divest the title of the grantor, it will be sufficient to sustain sales made or possession taken under the judgment." *Atkinson v. Lester,* 2 Ill. (1 Scam.) 407; *Cairo & St. L. R. Co. v. Wiggins Ferry Co.,* 82 Ill. 230; *Adams v. Pacini,* 119 Ill. App. 428; *Haynes v. Sherwin-Williams Co.,* 126 Ill. App. 414, are examples of judgments which

could only be sustained by a like reference. In *Haws v. Victoria Copper Min. Co.*, 160 U. S. 303, where it was claimed that the findings and the judgment did not sufficiently identify the premises to enable an officer to execute a writ of possession, the court said: "It is not doubtful that the decree and complaint taken together fully describe and furnish ample means for identification of the property to which defendant in error was adjudged to be entitled." The decree was there affirmed. We applied a like rule in *Stevens v. Cary*, 183 Ill. App. 24.

The bill of exceptions does not contain a motion by defendants for a new trial, and the effort of the clerk to preserve that matter in the record kept by him is unavailing. Appellee contends that because of the absence of that motion from the bill of exceptions, appellants cannot be heard to complain of the refusal of the court to admit evidence offered by them. Whatever decisions there may have been prior to 1908 which appear to support that contention, it was settled in *Yarber v. Chicago & A. Ry. Co.*, 235 Ill. 589, that without a motion for a new trial, the defeated party may have reviewed on appeal decisions of the court upon objections to evidence and the like, if exceptions thereto have been properly preservd by the bill of exceptions. *People v. Faulkner*, 248 Ill. 158. Appellants failed to preserve in their bill of exceptions, exceptions to some of the rulings of the court in refusing to admit evidence offered by them. Under section 81 of the Practice Act, as amended in 1911 (J. & A. ¶ 8618), a party may have an adverse ruling reviewed without taking any formal exception thereto.

Appellee was the landlord and appellants were his tenants under a written lease, running from April 15, 1913, to December 1, 1914, and with a provision that at the option of the tenants, the lease should be extended to December 1, 1917, at an increased rental specified. On November 16, 1914, appellants served

a written notice upon appellee of their election to have said lease extended pursuant to said option. On December 1, 1914, $400 rent became due from appellants to appellee and was not paid. On December 2nd, appellee served written notice upon appellants that in consequence of their default in paying said rent, he had elected to determine their lease, and that he notified them to deliver possession within ten days. He began this suit on December 14th for possession. Defendant sought to prove that on December 4, 1914, they paid appellee $375, and that on December 5th they tendered appellee the remaining $25 of said rent, and that he refused to receive it. The court refused to admit this testimony. Appellee claims in support of this ruling that under section 9 of the Landlord and Tenant Act (J. & A. ¶ 7047), when the tenant fails to pay his rent and the landlord serves such a notice, the lease is thereby terminated, and that the tenant cannot escape from the result and the landlord has a right to possession after ten days. Our Supreme Court in a long line of decisions has held to the contrary and has held that, if the tenant pays the rent in arrears within ten days after service of such notice, the forfeiture of the lease is thereby prevented. Among those cases are *Chadwick v. Parker,* 44 Ill. 326; *Chapman v. Kirby,* 49 Ill. 211; *Cone v. Woodward,* 65 Ill. 477; *Leary v. Pattison,* 66 Ill. 203; *Woodward v. Cone,* 73 Ill. 241. Appellee contends that since these decisions there has been some slight change in the statute, which obviates their force. In 1897, in *Woods v. Soucy,* 166 Ill. 407, since section 9 assumed its present form, this whole subject was reviewed at length, and it was held that by paying rent within ten days after notice a forfeiture was avoided. Appellee relies upon *Dickenson v. Petrie,* 38 Ill. App. 155. That case is not in point. There the notice was given and the tenant did not pay nor offer to pay the rent in arrears within the ten days, and the question what effect payment within the ten days would have had was not presented or decided,

and, if it were in point, it must be considered as over-turned by the later decision in *Woods v. Soucy, supra.*

But appellee contends that appellants could not avail of this defense, and were not entitled to this evidence, because they did not plead a tender nor offer to prove that the tender was kept good. This is not a question of tender in the ordinary sense. Appellants are not being sued for the $25. If they were, they would have had to keep the tender good in order to avoid costs. The question here is only whether they could avoid the forfeiture by paying $375 of the rent in arrears and tendering the remaining $25 to appellee within the ten days. No plea of tender was necessary to admit that defense, nor was it necessary that the tender should be kept good when the last $25 was tendered within the ten days and forfeiture was pre-vented, whether the landlord did or did not accept the money.

The judgment is therefore reversed and the cause remanded.

*Reversed and remanded.*