# CASES

## FOURTH DISTRICT

# APPELLATE COURTS OF ILLINOIS

## DURING THE YEAR 1920.

---

### The People of the State of Illinois, Appellee, v. John Mussatto, Appellant.

1. INJUNCTION, § 375*—*when motion to dissolve essential to review.* A judgment finding a person guilty of contempt in violating an injunction will not be reversed, although the appellant claims that he was not served with process, where the record does not disclose a motion to dissolve the injunction made on a limited appearance, as it is not the duty of the Appellate Court to search for errors or enter upon an independent investigation in order to find material on which to base a judgment of reversal.

2. INJUNCTION, § 254*—*power to punish violation of temporary injunction issued without notice.* A court has jurisdiction to punish a party for contempt for violation of a temporary injunction issued without notice and without the respondent having been served with a summons, where the respondent has been served with the injunction writ.

3. INJUNCTION, § 39*—*power to enjoin nuisance.* Courts of equity have jurisdiction of proceedings to enjoin the maintenance of a nuisance.

4. INTOXICATING LIQUORS, § 167*—*right to enjoin keeping of place for illegal sale.* Under section 38 of chapter 43, Hurd's Rev. St.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

(J. & A. ¶ 4650), the keeping of a place where intoxicating liquors are sold in violation of the statute may be enjoined as a nuisance.

5. INJUNCTION, § 269*—*what is effect of motion to dissolve.* A motion to dissolve a temporary injunction is in the nature of a demurrer to the bill, and a defendant making such motion thereby enters his appearance and obviates the necessity of service of summons.

6. INTOXICATING LIQUORS, § 167*—*when owner of premises may be enjoined.* In contempt proceedings for violation of an injunction prohibiting the keeping of a place where intoxicating liquors are sold, a contention that the defendant has rented the building and has no power to abate the nuisance cannot be sustained when the evidence shows that not only the tenant sold liquor with the knowledge of the defendant, but also that defendant sold liquor in the building.

7. INJUNCTION, § 256*—*when defendant cannot complain that injunction is too broad.* In contempt proceedings for the violation of an injunction prohibiting the sale of liquor in a building, the defendant cannot contend that the injunction is too broad in that the giving away of liquor is also enjoined, it appearing that the defendant was convicted for selling liquors and not for giving them away.

8. INJUNCTION, § 256*—*when defendant cannot complain of want of hearing on merits.* In contempt proceedings for the violation of an injunction prohibiting the sale of liquor in a building, the defendant cannot contend that he has had no opportunity for a hearing on the merits as to the issuance of the injunction, as an answer might have been filed and a hearing had on the question of dissolution of the injunction, it being the rule that so long as an injunction is in force the court has jurisdiction of the subject-matter, even though the defendant may not have been served with process.

9. INJUNCTION, § 253*—*nature of proceeding for violation.* A contempt proceeding for the violation of an injunction is neither a criminal nor *quasi* criminal proceeding, and the rules of evidence are not the same as in a criminal proceeding.

10. INJUNCTION, § 260*—*when punishment for violation not excessive.* Punishment imposed for contempt in violating an injunction prohibiting the sale of intoxicating liquors at a certain place cannot be contended as being unusual and excessive, although in excess of the fine and imprisonment which might have been imposed in a criminal proceeding, on indictment.

Appeal from the Circuit Court of Franklin county; the Hon.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Julius C. Kern, Judge, presiding.   Heard in this court at the October term, 1919.   Affirmed.   Opinion filed March 25, 1920.

R. E. Smith and W. C. Choisser, for appellant.

Roy C. Martin and S. M. Ward, for appellee.

Mr. Presiding Justice Boggs delivered the opinion of the court.

An order was entered by the circuit court of Franklin county adjudging appellant guilty of contempt of court, fining him $500, and ordering him committed to the county jail for a period of 6 months.  The record discloses that on February 11, 1918, the State's Attorney of Franklin county, on behalf of the People, filed a bill in the circuit court of said county alleging that the appellant had for more than 3 years last past been the owner of a two-story brick building located in the City of Christopher in the town of Tyrone in said county, and that said town was anti-saloon territory; that appellant had during the 3 years preceding the filing of said bill been selling liquor in said building contrary to law; that he had been arrested and convicted or had pleaded guilty to a charge of selling liquor in said town at the July term, 1915, the January term, 1916, and the January term, 1917, of the county court of said county; that on July 1, 1917 an internal revenue tax stamp or receipt had been issued to him as a retail liquor dealer in said City of Christopher; that said premises so owned by appellant were equipped with a bar, ice chest, mirrors and the usual fixtures of a regular licensed dramshop; that for 3 years last past, appellant had openly, notoriously, continuously, wilfully, day and night and in open defiance and disregard for law and in contempt of the authorities of the county and State, kept and maintained a common nuisance in said building for the illegal sale of intoxicating liquors.  Said bill fur-

ther alleges that the authorities of said city and county had been unable, although diligent in their efforts, to stop appellant from so violating said anti-saloon law and that the ordinary methods of procedure were inadequate to prevent appellant from maintaining said nuisance, praying a temporary injunction without bond and without notice to appellant. Said petition was verified by said State's Attorney and was supported by some six or seven affidavits made by officers of said city and other of its citizens, the tenor and effect of said affidavits being that appellant in open violation of the law was selling intoxicating liquors in said building. A temporary writ of injunction was issued by the court without bond and without notice to appellant. So far as the record shows, no summons was ever served on appellant and no hearing was had on said bill. Thereafter, at the February term, 1919, of said court, said State's Attorney on behalf of the People filed a petition in said court setting forth that appellant had continued to sell intoxicating liquors in said building in violation of said injunction and in total disregard and in defiance thereof; that no change had been made in the equipment and appearance of the place and praying that appellant be attached forthwith and brought into court and ruled to show cause why he should not be held to be in contempt.

Appellant was served with notice of said rule and thereupon made answer under oath. Said answer in large part purported to answer the allegations of said original bill, in and by which said answer appellant denied the sale of intoxicating liquors by him in said building and alleges that before said bill for injunction was filed that he had rented said building to one Joe Razei and had executed a bill of sale to him for the furniture and fixtures owned by him in said building and that he had attempted to see to it that no liquors were sold in said building in violation of said

law.   A hearing was had on the original bill filed in said cause, the affidavits accompanying the same, the sworn petition praying for an order adjudging appellant to be in contempt, the affidavits accompanying said petition, the answer of appellant and oral testimony heard by the court on said hearing.   The court found and adjudged appellant to be in contempt of court for violating the temporary injunction theretofore entered by the court and entered an order fining appellant and sentencing him to the county jail as hereinabove stated.   To reverse said judgment this appeal is prosecuted.

It is first contended by the appellant that the court was without jurisdiction in said contempt proceedings for the reason that appellant had not been served with process.   Appellant, however, admitted he was served with said writ of injunction on the same day it was issued, and further states that he very shortly thereafter on limited appearance made a motion to dissolve said injunction.   The record does not disclose that appellant made such motion on limited appearance.   Appellant has not pointed out such motion and we have not been able to find the same in such examination as we have made.   It is not the duty of the court to search for errors or enter upon an independent investigation in order to find material on which to base a judgment of reversal.   *Wickes v. Walden,* 228 Ill. 65; *Jacksonville & St. L. Ry. Co. v. Wilhite,* 209 Ill. 84; *Duggan v. Ryan,* 211 Ill. 133.

Appellant misconstrues the law as laid down by the Supreme and Appellate Courts of this State when he states that a court is without jurisdiction to punish a party for contempt or violation of a temporary injunction issued without notice and without the respondent having been served with summons, but where the respondent has been served with the injunction writ.

In *Court Rose No. 12, F. of A. v. Corna,* 279 Ill.

605, the court at page 607 says: "Where an injunction, order, mandate or decree of a court has been disobeyed or disregarded and there is a proceeding for contempt of the court for such disobedience or disregard, the only question to be considered is whether the court had jurisdiction to make the order or decree. Jurisdiction is the power to hear and determine a matter in controversy, and if the power existed, the question whether the court erred or the power was improperly exercised is not involved and errors of the court constitute no defense whatever. An injunction void because of want of jurisdiction in the judge who entered it may be disregarded and the person disregarding it is not guilty of contempt (*People v. McWeeney,* 259 Ill. 161, Ann. Cas. 1916 B 34); but a party enjoined cannot refuse to obey the injunction upon the ground that it is erroneous or improvidently granted. If the bill upon which an injunction is granted is defective, it must be tested by demurrer in court and not by disobedience to the writ. The jurisdiction of a court of equity does not depend upon the correctness of the decision made, but an order made in the exercise of jurisdiction must be obeyed until the order is modified or set aside by the court making it or reversed in a direct proceeding by appeal or on error. (*Leopold v. People,* 140 Ill. 552; *Clark v. Burke,* 163 Ill. 334; *People v. Weigley,* 155 Ill. 491; *O'Brien v. People,* 216 Ill. 354; *Franklin Union v. People,* 220 Ill. 355; *Christian Hospital v. People,* 223 Ill. 244.) The power of the courts to enforce their orders and judgments is a necessary incident to the administration of justice, and if they were without power to compel obedience or to prevent unwarranted interference with the administration of justice they could not perform their functions or secure the rights of litigants, however important. The only questions, therefore, in this case, are whether the City Court of Spring Valley had jurisdiction to make the

order in question and whether it was violated by the defendants.''

Courts of equity have jurisdiction of proceedings to enjoin the maintenance of a nuisance. Section 38, ch. 43, Hurd's Rev. St. (J. & A. ¶ 4650) provides that ''all places where intoxicating liquor is sold in violation of any of the provisions of this act shall be taken and held and are declared to be common nuisances and may be abated as such.'' A court exercising equitable jurisdiction will not restrain, by injunction, the commission of illegal or immoral acts and will not enjoin one engaged in the sale of liquor from making sales which are punishable by the criminal law. But that is not the object of this proceeding. Its object is to prohibit the use of property for illegal purposes. It is the keeping of a place which our statute has determined to be dangerous to the health, morals, safety and welfare of the public.

The record discloses that prior to the filing of said bill by the State's Attorney, the sheriff of said county had served a notice on appellant to abate the nuisance complained of in said bill. Appellant offered no evidence on said hearing. The evidence on the part of the complainant fully established that appellant had violated the anti-saloon law and had been himself selling liquors in said building and was allowing others to sell, either as his tenant or his agents, while said territory was anti-saloon territory. Appellant held an internal revenue stamp or receipt for the sale of liquors in said territory; he had been arrested and had pleaded guilty on several occasions to having violated said law. Counsel for appellant in his brief at page 103 says: ''The record is wholly void of any evidence showing a wilful disobedience of the injunction or disrespect for the court in the slightest degree. It abundantly appears from the record that when the defendant has been charged with violating the dramshop act he has shown due respect

for the court by entering a plea of guilty when he was, in fact, guilty, and the fact that he entered a plea of guilty is not to his discredit. It is always creditable to enter a plea of guilty where the defendant is, in fact, guilty." It will be observed that appellant practically concedes 'that he has been violating the law. It might also be observed in answer to the contention made by appellant with reference to the jurisdiction of the court that a motion to dissolve a temporary injunction is in the nature of a demurrer to the bill, and a defendant or respondent making such motion thereby enters his appearance and obviates the necessity of service by summons. High on Injunctions, sec. 1469; *White v. Y. M. C. A. of Chicago,* 233 Ill. 526; *Champion v. Hannahan,* 138 Ill. App. 387.

In *Champion v. Hannahan, supra,* the court at page 398 says: "When defendants to a bill appear in a cause and file a plea to the bill and move to dismiss or dissolve the preliminary injunction, as did Hannahan and Carter, appellees, they submit themselves to the jurisdiction of the court and are not in a position thereafter to question the jurisdiction of the court over them. Appellees Goding and Dixon appeared in the cause and demurred to the bill, and moved the court to dissolve the preliminary injunction. The appearances of appellees were not limited in any way or for any purpose. In our opinion the superior court had jurisdiction of the parties."

It is further contended by appellant that he had rented the building in question and that he had no power to abate the nuisance if one existed. We fail to see the force of this argument. The record discloses that not only did the tenant of appellant sell liquors in said building in violation of law with the knowledge of appellant, but appellant himself sold liquors therein.

It is also contended by appellant that the injunction issued by the court was too broad and that he was en-

joined from giving away liquors in said building as well as selling the same. The record in this case discloses that the fine and jail sentence imposed on appellant were not for giving away liquors but were for maintaining a building where liquors were sold in violation of the statutes of this State.

Counsel for appellant devotes a considerable part of his argument to the fact that no hearing had been had in this case within a year or some 14 months before the contempt proceedings were instituted, and that he had been anxious to have the same heard on the merits. We fail to see the force of this argument for the reason that appellant had been served with the writ of injunction very shortly after the bill had been filed, and if he had been desirous of having a hearing on the merits he could easily have brought it about by filing his answer and by insisting on a hearing, or that the temporary injunction be dissolved. So long as an injunction is in force, if the court has jurisdiction of the subject-matter, a party served with the writ must obey, even though he may not have been served with process.

Lastly, it is contended by appellant that the punishment imposed is unusual and excessive, appellant's contention being that the fine and imprisonment is largely in excess of the fine and imprisonment the court could have imposed in a proceeding where a party has been indicted or has been brought to trial on an information. A contempt proceeding for the violation of an injunction writ is neither a criminal nor *quasi* criminal proceeding, and the rules of evidence are not the same as in a criminal proceeding.

In *Flannery v. People,* 225 Ill. 62, the court at page 69 says: "The contention that the proceeding is criminal or *quasi* criminal, and therefore the evidence must be sufficient to establish the guilt of the acts beyond a reasonable doubt, is more fanciful than real, as applied to this case. If the evidence in this record was

sufficient to justify the conviction, the question of the degree of proof required in such cases is unimportant, because if it tends to prove the guilt it does so beyond all doubt. * * * It is admitted that a proceeding for contempt in such cases is civil in its nature in this State, however it may be held in other jurisdictions; therefore the statement that the proceeding is criminal or *quasi* criminal is not correct.''

The law further is that a court in a contempt proceeding is not limited in the imposition of the punishment for such contempt to the punishment fixed by statute for criminal offenses which may incidentally be involved in the contempt proceedings.

In *Hake v. People*, 230 Ill. 174, the court at page 195 says: ''It is finally urged by appellants that the punishment inflicted upon each of them is unconstitutional and void, in that it is disproportionate and oppressive. Appellants cite a number of provisions of the Criminal Code where certain offenses, such as assault and assault and battery, are defined, and the punishment fixed by a fine of not less than $3 nor more than $100, and, from this and other statutes supposed to bear some sort of analogy to the offenses committed by appellants, the argument is drawn that the punishment inflicted upon appellants is unconstitutional and void because it is a greater punishment than the criminal statutes imposed for like offenses. For the reasons already pointed out, these several statutes have no application whatever to the appellants' case. The law is well settled that a court of chancery may impose a fine alone for the violation of an injunction, and commit the party until the fine and costs are paid, or, in its discretion, may fix a definite period of imprisonment, either with or without a fine. The court granting the injunction is necessarily invested with large discretion in enforcing obedience to its mandate, and upon proceedings for attachment for its violation the extent of the fine and imprison-

ment to be inflicted as a punishment for the contempt rests in the sound legal discretion of the court itself. Courts of Appellate jurisdiction are exceedingly averse to interfering with the exercise of such discretion, and will not ordinarily reverse the action of the inferior courts in such matters. High on Injunctions, sec. 1458, and cases there cited.''

While the punishment inflicted is more or less severe, at the same time in view of the evidence showing the repeated violations of the law by appellant, we are not able to say that the trial court was not justified in imposing the punishment it did.

Finding no reversible error in the record, the judgment of the trial court will be affirmed.

*Judgment affirmed.*