## United States of America, Defendant in Error, v. Leonard Schoeben, Plaintiff in Error.

### Gen. No. 7,044.

INTOXICATING LIQUORS—*sufficiency of evidence to show violation of injunction against sale on described premises.* Contempt by violation of an injunction enjoining the sale of intoxicating liquor on premises described in the injunctive order is established by testimony of sales after the issuance of the injunction by the defendant to the witnesses on premises bearing the name by which defendant was commonly known and which were identified as those described in the bill for injunction and in the writ by a witness who had been on the premises and was familiar with their location, although such witness could not identify the premises by metes and bounds and was uncertain of the section and township in which they were located, and of the location of the corners of such premises.

Error to the Circuit Court of Lake county; the Hon. CLAIRE C EDWARDS, Judge, presiding. Heard in this court at the April term, 1922. Affirmed. Opinion filed August 5, 1922. Rehearing denied October 3, 1922.

E. M. RUNYARD, for plaintiff in error.

United States of America v. Schoeben, 226 Ill. App. 44.

ASHBEL V. SMITH and SIDNEY H. BLOCK, for defendant in error.

MR. JUSTICE PARTLOW delivered the opinion of the court.

In the circuit court of Lake county, the plaintiff in error, Leonard Schoeben, was found guilty of contempt of court for the violation of an injunction, and sentenced to the county jail for ninety days and to pay costs. To review the judgment a writ of error has been prosecuted from this court.

On May 26, 1921, the defendant in error filed its bill in the circuit court of Lake county for an injunction enjoining the plaintiff in error, under the National Prohibition Act, from manufacturing, selling or bartering any intoxicating liquor in "four small frame buildings, set on posts, in Grass Lake, on the northerly side of Fox river, and in a building used for a saloon, with a paper covered roof, and porch on east and southwest sides, located on the following described real estate: Beginning at George H. Nelson's southeast corner on the bank of Fox river, thence northerly one hundred (100) feet along Nelson's east line to the northeast corner of said Nelson land, thence easterly twenty (20) rods parallel with the river to the north bank of the old channel, thence southerly one hundred (100) feet to the north bank of said Fox river, thence westerly along the north bank of said river to the place of beginning, the same being in the south half of Section 22, Township 46 north, Range 9 east of the Third Principal Meridian, in the Town of Antioch, Lake county, Illinois." A temporary injunction was issued as prayed and it was served on the plaintiff in error on June 7, 1921.

On September 19, 1921, a sworn petition was filed in the circuit court, in which it was alleged that on September 10, 1921, certain parties, therein named, visited the premises of the plaintiff in error, described

in the injunction, and purchased thereon whisky for themselves and for others, which was served to them and drunk on the premises, and praying that a citation issue against the plaintiff in error commanding him to appear and show cause why he should not be held in contempt of court for the violation of the injunction. The citation was issued, and on September 26, 1921, the plaintiff in error appeared and filed his answer denying the violation of the injunction. The cause was heard, the court found that the plaintiff in error had violated the injunction, and sentenced him as above stated.

The only grounds urged for reversal are that the evidence was not sufficient to show that the plaintiff in error violated the injunction, and that the location of the premises where this alleged violation took place was not sufficiently identified.

The National Prohibition Act provides that any place where intoxicating liquor is sold in violation of the act is a common nuisance and any person maintaining such a nuisance shall be guilty of a misdemeanor, and on conviction shall be fined not less than $1,000, or be imprisoned for not more than one year, or both. Barnes' Federal Code, sec. 8351 T. An action may be brought to enjoin any such nuisance under the statute, in the name of the United States of America, by any prosecuting attorney of any State, and on such action being brought, the court may order a temporary injunction to issue restraining the defendant from continuing such nuisance. Section 8351 U. In case of the violation of such temporary injunction, the court may summarily try and punish the defendant, and any person found guilty of contempt under the provisions of such section shall be punished by a fine of not less than $500 nor more than $1,000, or by imprisonment for not less than thirty days nor more than twelve months, or by both fine and imprisonment. Section 8351 W. A contempt

proceeding for the violation of a prohibitory injunction is for the punishment of a civil contempt. The procedure, in its pleadings, character and quantity of proof required, must conform to·the rules and practices applicable to other chancery proceedings. *O'Brien v. International Ladies' Garment Workers' Union,* 214 Ill. App. 46; *People v. Mussatto,* 216 Ill. App. 519; *O'Brien v. People,* 216 Ill. 354; *Hake v. People,* 230 Ill. 174; *A. R. Barnes & Co. v. Chicago Typographical Union,* 232 Ill. 402.

Two witnesses testified to having bought intoxicating liquor of plaintiff in error after the injunction was issued. If this liquor was sold on the premises described in the injunction, then the guilt of the plaintiff in error was established beyond any doubt. So the only question is whether the premises on which the liquor was sold were the premises described in the injunction.

The evidence shows that the plaintiff in error was commonly known as "Shorty." There was a sign on his building containing the following: "Rohema—Shorty's Place—Hon. Shorty, Mayor." Robert E. Jeske, one of the witnesses for defendant in error, testified that he bought liquor of plaintiff in error subsequently to the date the injunction was issued, and that on September 10, 1921, he saw the plaintiff in error at his resort at Grass Lake. There was water all around the place and it was three-fourths of a block from O'Connor's place. It had a porch on one side with tables and chairs around it. It was a wooden building more like a cottage. In the interior there was a bar, an electric piano, a small place to dance, and there were two tables with five chairs around them. The bar was in a small room, and to the right of the barroom there was another room where they kept bottles. There was a living room in the rear of the barroom. A woman tended bar and she served the drinks in the presence of the plaintiff in

error. Fred Muenchen testified that he was with Jeske on the occasion in question. He testified that plaintiff in error's place of business was a one-story wooden building with a bar. On the left was a porch. There was a bar on the inside and a piano and two tables.

Delbert A. Weale, who had been a real estate agent in Lake county for eighteen years, testified that he was familiar with the real estate and buildings described in the bill; that he had been there twice; that he had heard Jeske's testimony and heard his description of the building; that the building described by Jeske was on the premises described in the bill. On cross-examination he testified that he knew where George H. Nelson's southeast corner was located; that it began at the southeast corner of the river, and he traced it on the map. He testified that was the only description he had of it. He was asked if he knew the location of any more than one corner of the river, and answered that it ran one hundred feet one way and about three hundred and fifty feet the other way. He testified that at that point there was only one corner turn in the river; that there were other turns in the Fox river at other points; that without looking at the map he could not locate the southeast corner of Nelson's land; that he knew where it began on the water; that he did not know any other point on Nelson's land, which consisted of a couple of hundred acres; that he did not know where the southwest corner, the northeast corner or the east line was with respect to any government point or corner; that he believed it was in Section 22, but he was not sure of the township.

In order to make the injunction valid and binding it was not necessary that the premises covered by the injunction should be described by metes and bounds or from the government survey. All that was necessary was that the premises should be described

in such a manner that they could be readily identified and located. *Atkinson v. Lester*, 2 Ill. (1 Scam.) 407; *Cairo & St. L. R. Co. v. Wiggins Ferry Co.*, 82 Ill. 230; *Stillman v. Palis*, 134 Ill. 532. The description in the bill and in the writ of injunction was not only by metes and bounds but there was a general description of the premises. In order for the witness to be able to testify that the premises where the liquor was sold were the same premises described in the bill and in the writ of injunction, it was not necessary that he should know the exact boundary lines of the premises, or the exact location of the corner of the premises. It was sufficient if he could identify and locate the premises described in the bill as the same premises on which the liquor was sold. He testified that he was familiar with the real estate described in the bill; that he had been there twice; that he had heard Jeske's description and that the building described by Jeske was located on the premises described in the bill. This was the only evidence offered on that point. It was not contradicted by any other evidence and, standing alone and uncontradicted, it was sufficient to locate and identify the premises described in the bill as the said premises on which the liquor was sold.

As this injunction was issued under the National Prohibition Act and not under the State Prohibition Act, the rule laid down in *People v. Burchek*, 302 Ill. 437, with reference to temporary injunctions in liquor cases, does not apply in this case.

We find no reversible error and the judgment will be affirmed.

*Judgment affirmed.*