FRANK J. WATERS and Others, Appellants, v. BORGE DE MOSSIN, Respondent, Impleaded with VICTORIA OIL COMPANY and the NEW YORK TRUST COMPANY, Defendants.

First Department, March 30, 1917.

Injunction — suit to enforce alleged syndicate agreement — injunction pendente lite restraining defendant from withdrawing his stock — validity of parol extension of agreement.

Where in a suit by the members of a syndicate agreement against the defendant, another member thereof, to secure the enforcement of said agreement, it is alleged that on a certain date all of the plaintiffs and the defendant agreed to an extension of said contract, allegations in affidavits

First Department, March, 1917.          [Vol. 176.

used in support of a motion for an injunction *pendente lite* to restrain the defendant from withdrawing his stock to the effect that the parties were "willing and desirous" that the deposit of stock should extend beyond the period of the written agreement, are by no means equivalent to an allegation that the defendant then presently agreed that the syndicate agreement should be extended, and the injunction should be denied, especially since the parties had reduced all prior agreements to writing, and since the defendant had previously withdrawn stock with the consent of the syndicate manager, one of the plaintiffs.

CLARKE, P. J., and LAUGHLIN, J., dissented, with opinion.

APPEAL by the plaintiffs, Frank J. Waters and others, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 20th day of February, 1917, denying plaintiffs' motion for an injunction *pendente lite*.

*William Travers Jerome,* for the appellants.

*George Edwin Joseph,* for the respondent.

SCOTT, J.:

The purpose of this action is to enforce an alleged agreement between the six plaintiffs and the defendant de Mossin to the effect that all of the stock of the Victoria Oil Company held by said plaintiffs and defendant should be deposited and held by the New York Trust Company, to be used and dealt with by a syndicate directed by the plaintiff Waters who was designated as "syndicate manager."

The original syndicate agreement, which was in writing, was dated October 28, 1915, and was by its terms to continue in force until July 1, 1916, unless Waters should sooner release the stock and direct its redelivery to the depository stockholders. Several other written agreements were subsequently made, the result of which was to extend the syndicate agreement to December 31, 1916.

The present action is based upon the allegation that on October 26, 1916, a verbal agreement was made by all of the depository stockholders including the defendant de Mossin that the deposited stock should continue to be held under said syndicate agreement for a period of six months from and after January 1, 1917.

The defendant de Mossin denies that he ever agreed to the last-mentioned extension and seeks to withdraw his stock from deposit in the trust company. The purpose of the injunction now sought is to prevent him from so doing.

It is manifest that the court should not interfere by injunction to prevent a person from exercising control over his own property, in consequence of an alleged agreement to commit the control thereof to another, unless the agreement is clearly and unequivocally proven and, therefore, to justify the issuance of the injunction which plaintiffs ask it must be clearly shown that de Mossin did, in fact, agree that his stock should remain on deposit and under the control of the syndicate manager after January 1, 1917, when the last written agreement, by its terms, expired.

The complaint does allege, in explicit terms, that on October 26, 1916, all of the plaintiffs, and the defendant de Mossin did so agree.

When we come to examine the affidavits used to support the motion for an injunction *pendente lite* we find that they fall short of alleging a definite agreement on the part of de Mossin. The most they say is (and they all agree on this point) that a meeting of the depository stockholders was held at which the extension of the syndicate agreement was discussed and that de Mossin, as well as plaintiffs, stated that they were "willing and desirous" that the deposit of stock should extend beyond January 1, 1917. This is by no means equivalent to an allegation that defendant then presently agreed that the syndicate arrangement should be extended. It suggests no more than the expression of a willingness to make such an agreement— a willingness which so far as appears never crystallized into an actual agreement. There are two circumstances in the case that seem to make it reasonable that the allegation should be read in the latter sense. One is that the parties had been careful to reduce all earlier agreements on the subject to formal writings, and no reason is shown why, on this last occasion, they should have contented themselves with an oral agreement. From the circumstance that the conversation at which defendant de Mossin is said to have expressed himself as "willing and desirous" to extend the

syndicate arrangement took place more than two months before the then pending agreement was to terminate, it seems more probable that the conversation involved, as the affidavit says, merely an expression of willingness to make a new agreement, rather than a definite completed agreement.

The second circumstance is that when in February, 1917, de Mossin sought to withdraw 10,000 shares of the stock from the stock company, the plaintiff Waters, the syndicate manager, consented thereto. He offers no explanation why he did this, but a very plausible explanation is that he did not then consider that de Mossin had ever actually agreed to continue the deposit.

We cannot escape the conclusion that the allegation so often repeated in the moving affidavits that de Mossin stated that he was " willing and desirous " to extend the syndicate agreement was drawn with careful intention, and that any allegation that de Mossin actually agreed was omitted with like care. The gentlemen concerned in the case for the plaintiff, both as principals and attorneys, are intelligent and skillful and can scarcely be accused of using language carelessly. They must have known that in order to entitle themselves to an injunction it was necessary to show that de Mossin actually agreed to extend the syndicate, and they must have also been aware that an actual agreement was not proved by evidence of an expression of willingness to make an agreement.

As has been said, it is a serious matter to deprive a man, against his will, of the beneficial use of his property, and the court should not lend itself to an effort to do this except upon clear and unequivocal evidence that he had agreed to be so deprived. The evidence on that subject submitted by the plaintiffs is neither clear nor unequivocal.

The order appealed from should be affirmed, with ten dollars costs and disbursements.

SMITH and SHEARN, JJ., concurred; CLARKE, P. J., and LAUGHLIN, J., dissented.

CLARKE, P. J. (dissenting):

I dissent. The complaint, verified by one of the plaintiffs, alleges positively as matter of fact, " That on or about October

26, 1916, all of the plaintiffs and said defendant de Mossin mutually agreed that said agreement of October 28, 1915, should be extended for a period of six months from the expiration of the previous renewal, to wit, from December 31, 1916."

Waters' affidavit states: "That on or about the 26th day of October, 1916, there was a meeting of all of the members of Syndicate No. 3, with the exception of the plaintiff Palmer. This meeting was held at the office of the Victoria Oil Company, No. 25 Broad Street, Borough of Manhattan, City of New York. There was considerable discussion about the affairs of the syndicate, and among other things, the question of continuing the deposit of the stock with the New York Trust Company was discussed.

"It is my recollection that Mr. Buchler, who is an attorney and counsellor at law, asked each of those present whether he was satisfied to continue the deposit of the stock of the syndicate in the New York Trust Company for another period of six months, beginning January 1, 1917, upon the same terms, and each of us, including the defendant de Mossin, then and there stated that we were willing and desirous that the deposit of said stock should continue for a period of six months beginning January 1, 1917, and that the syndicate should likewise continue."

On February 10, 1917, a certificate of 10,000 shares made out in the name of de Mossin and part of the shares deposited was presented at the office of the company and inquiry was made whether said certificate constituted good delivery. The affidavit continues: "The defendant de Mossin withdrew this stock contrary to the agreement made by him at said meeting on October 26, 1916, whereby he expressly agreed, together with all other members of the syndicate, to continue the deposit of said stock for a period of six months from January 1, 1917. It is clear, therefore, that the defendant de Mossin has already broken his agreement by withdrawing said 10,000 shares of stock, and that he undoubtedly intends to further break said agreement by attempting to withdraw from the New York Trust Company the balance of the stock standing in his name and to throw the same upon the market for sale. This would be in direct violation of his express agreement."

First Department, March, 1917.       [Vol. 176.

The plaintiff Buchler in his affidavit, referring to the meeting of October 26, 1916, averred: " There was a general discussion concerning the renewal of the arrangement for the escrow of the stock in the New York Trust Company, and concerning the extension of the operations of the Syndicate No. 3 for a period to terminate the 1st of July, 1917. I suggested that efforts should be made to secure an extension of the escrow agreement by depositing stockholders other than the members of the syndicate, and it was agreed by all that since it would take some time to reach all of such stockholders these efforts should be commenced at once. I asked each one of those present whether he was willing to extend the operations of the escrow agreement, originally entered into under date of October 28, 1915, and the renewals thereof, for a further period terminating on the 1st day of July, 1917. Each of the members of the syndicate present, including the defendant de Mossin, specifically stated that he was willing and desirous to extend the escrow agreement for that period and was willing and desirous to leave the stock then on deposit with the New York Trust Company for a further period of six (6) months beginning January 1, 1917."

These statements are specifically corroborated and reiterated by the plaintiffs Robinson and Gilmore.

Reilly, the secretary of the Victoria Oil Company, avers: " I distinctly recall that all of the gentlemen present, including Mr. de Mossin, stated that each was willing to continue the deposit of the Syndicate stock with the New York Trust Company for a period of six (6) months beginning January 1, 1917." To this the defendant makes the bald denial: " Deponent further states that at no time did he ever acquiesce, agree to or enter into any such understanding or agreement for pooling or leaving his stock beyond the above-mentioned date of December 31, 1916."

It seems to me that where the whole purpose of the action is to prevent the destruction of the syndicate and the breach of the agreement which would cause irreparable damage to the plaintiffs, the company, and other stockholders who had deposited their stock on the faith of the syndicate agreement, where the complaint positively alleges the agreement and five affida-

vits support the allegations of the complaint, that enough is shown to authorize an injunction *pendente lite,* to preserve the *status quo,* until upon a trial which can speedily be had it may be determined by examination and cross-examination of the parties in open court where the truth lies. Otherwise this is in effect a granting of final judgment without a trial.

I think the order appealed from should be reversed and the injunction granted.

LAUGHLIN, J., concurred.

Order affirmed, with ten dollars costs and disbursements.