J. Frank Friedberg, Appellee, v. Raymond H. Schultz et. al., Appellants.

Gen. No. 42,090.

Heard in the first division of this court for the first district at the October term, 1941. Opinion filed December 8, 1941.

JONES, MULROY & STAUB, of Chicago, for appellant; DON KENNETH JONES and ERNEST F. STAUB, both of Chicago, of counsel.

HIRSCH E. SOBLE, of Chicago, for appellee.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

October 9, 1941, plaintiff, the legal owner and registered holder of 3815 participation certificates out of a total of 25,668 certificates in a trust, filed his verified complaint in chancery against the three defendants individually and as trustees under a voting trust agreement dated November 18, 1936, and also against the Knickerbocker Hotel Company, a corporation, praying that the three trustees be temporarily and permanently restrained and enjoined from electing themselves or other persons, as directors or officers of defendant, Knickerbocker Hotel Company, for any period of time later than November 18, 1941. Plaintiff also prayed for other relief which it is unnecessary to refer to in this opinion.

October 10, the day after the complaint was filed, upon notice to defendants, the court entered an order restraining the three trustees ''from voting for, or electing, themselves or each or any of them, or other persons, as directors or officers of the defendant corporation, Knickerbocker Hotel Company, for any term or period terminating beyond or later than November 18, 1941.'' It is from this order that defendants appeal.

The substance of the allegations of the complaint, so far as it is necessary to state them is that plaintiff is the legal owner and registered holder of more than 14 per cent of the participation certificates issued by virtue of the terms of a certain voting trust agreement dated November 18, 1936, by and between the Knickerbocker Hotel Company, a corporation, the holders of the participation certificates and the three trustees. That the matter grew out of a reorganization proceeding brought under § 77B of the Bankruptcy Act pending in the United States District Court

in Chicago; that there were approximately 2200 registered holders of the participation certificates and the suit was brought as a representative one in behalf of them. That the Hotel Company owned the Knickerbocker Hotel, a fourteen-story hotel located on East Walton Place, in Chicago; that after the execution of the voting trust agreement, one of the trustees died and defendant, Judge McDONALD, was appointed by the District Judge as a trustee to fill such vacancy; that the three trustees were elected directors of the Hotel Company and one was elected president, one vice-president and the other secretary, and they were acting as such at the time of the filing of the suit; that afterward the number of directors was increased from three to four; that the three defendant trustees, Schultz, Colnon and McDonald, owned and held all of the stock as trustees; that at the time of the execution of the voting trust agreement the by-laws provided the annual shareholders' meeting of the Hotel Company should be held on the third Monday of March each year and thereafter the annual meetings were to be held November 24, 1937, June 9, 1938, and June 14, 1939. On the latter date the by-laws were amended so that the annual meeting would be held on the second Monday of October each year beginning in 1940; that the voting trust agreement provides: "Unless sooner terminated as herein provided, this Trust Agreement shall terminate on the 18th day of November, 1941, without notice by or to or action on the part of the Trustees . . . unless at least thirty days prior to said date the Trustees shall, by unanimous vote of the Trustees then acting, vote to extend this Trust Agreement for a further period of not to exceed three years." The trust agreement further provided that such extension should not be effective unless it was approved by a majority or more of the owners or holders of record of the participation certificates after specific notice was given and it was alleged that Judge

McDonald, as trustee, refused to vote for the extension of the voting trust agreement and therefore it would terminate on the 18th of November, 1941.

It is further alleged that defendant "trustees, or a majority of them," have agreed to retain control and management of the Hotel Company for a period of at least one year from October 13, 1941, at which time the annual shareholders' meeting was to be held and that "they, or a majority of them," will then elect themselves and the fourth director who was manager of the Hotel Company for another year and will also elect themselves as officers of the Hotel Company for another year.

The trust agreement which is attached to and made a part of the complaint provides that within 30 days after the termination of the trust agreement, the trustees shall deliver to the holders of record of the participation certificates, upon surrender of such certificates, the number of shares of the capital stock to which such holder is entitled.

Plaintiff's position is that the certificate holders are entitled to have their property turned over to them by the trustees within 30 days after November 18, 1941, and therefore the three trustees have no right to perpetuate themselves in office as directors and officers beyond that time. On the other side, defendants' position is as stated in their brief, "Defendants contend that under the provisions of the Illinois Business Corporation Act they, as shareholders, may properly elect the directors of the corporation for a period of one year, even though it is known at the time of the shareholders' meeting that they will cease to be shareholders before the full year has expired." In support of this, some of the provisions of the voting trust agreement and § 34 of the Business Corporation Act (§ 34, ch. 32, Ill. Rev. Stat. 1941 [Jones Ill. Stats. Ann. 32.034]) are referred to.

The voting trust agreement provides that the trustees, or any of them, may be directors and officers of the corporation. Section 34 of the Business Corporation Act provides for the number and election of directors of a corporation. The pertinent portion of that section, and on which counsel for defendants rely, is as follows: "At the first annual meeting of shareholders and at each annual meeting thereafter the shareholders shall elect directors to hold office until the next succeeding annual meeting, . . . . Each director shall hold office for the term for which he is elected or until his successor shall have been elected and qualified." After quoting this provision of the statute counsel say: "It is clear from the foregoing statutory provision that directors who are validly elected at a meeting of the shareholders continue to hold office until the next succeeding annual meeting, even though the persons by whom they were elected cease to be shareholders immediately after the election." We think this argument is not applicable to the case before us. The voting trust agreement expressly provides it shall terminate on the 18th of November, 1941, and that the trustees shall within thirty days after that date turn over the property to the persons entitled thereto. The three trustees who are officers and directors of the hotel are expressly required by the terms of the voting trust agreement to turn over the property to the persons entitled thereto. This would not be accomplished within the meaning of the trust agreement were the directors and officers of the hotel authorized to control the property for a period of about eleven months after it was delivered to the true owners.

Where property is placed in the hands of trustees for a specified period courts are careful not to permit an extension of control of the property by the trustees beyond the period mentioned. *Gomez v. Gomez,* 31

N. Y. Supp. 206. In that case the court speaking by Mr. Justice ALTON B. PARKER said: "Courts have been careful not to permit an extension of the control of trustees beyond the happening of the event which measures the trust term. Where, as in this case, the trust instrument provides that at the death of the life beneficiary the trustees shall convey the property held by them in trust to a person designated, or to one to be appointed in a manner provided, it is held that the trust does not continue until such conveyance be made by the trustees, but, on the contrary, that the death operates not only to terminate the trust, but to vest the title to the real estate at once, a formal conveyance by the trustees being wholly unnecessary." And in *Waters v. De Mossin,* 164 N. Y. Supp. 82, where there was a voting trust agreement of corporate stock it was held the court would not issue an injunction to prevent a person from withdrawing his stock and controlling it unless the agreement was clearly and unequivocally proven. The court there said: "As has been said, it is a serious matter to deprive a man, against his will, of the beneficial use of his property, and the court should not lend itself to an effort to do this, except upon clear and unequivocal evidence that he had agreed to be so deprived. The evidence on that subject submitted by the plaintiffs is neither clear nor unequivocal."

The order of the superior court of Cook county appealed from is affirmed.

*Order affirmed.*

McSURELY, P. J., and MATCHETT, J., concur.