(No. 33062.—)

LA SALLE NATIONAL BANK, Appellee, *vs.* JEAN MAC-DONALD *et al.,* Appellants.

*Opinion filed March 17, 1954—Rehearing denied May 19, 1954.*

WILLIAM C. WINES, and JOHN T. KELEHER, both of Chicago, for appellants.

HAROLD TUCKER, and SEYMOUR PRICE, both of Chicago, (SIMON HERR, of counsel,) for appellee.

Mr. CHIEF JUSTICE SCHAEFER delivered the opinion of the court:

A decree of the circuit court of Cook County adjudged that a testamentary trust created by the will of Charles MacDonald had terminated and directed distribution of the *corpus* of the trust, which includes considerable real estate. The successor trustee under the will and the testator's son, one of the two beneficiaries of the trust, prosecute this appeal. A freehold is involved. *Breen* v. *Breen,* 411 Ill. 206; *Sutliff* v. *Aydelott,* 373 Ill. 633; *Hazlett* v. *Moore,* 372 Ill. 192; *Ashton* v. *Macqueen,* 361 Ill. 132.

Charles MacDonald died on October 31, 1931. He was survived by his daughter, Gertrude, and his son, James, who were his only heirs-at-law. His will left his entire estate to his wife for life, and, upon her death, to the Oak Park Trust & Savings Bank, as trustee. The parties agree that, since MacDonald's wife predeceased him, the trust became effective upon his death.

The third paragraph of that portion of the will which established the trust provides: "At the end of ten years, I direct that my said Trustee shall distribute to the beneficiaries of my trust estate fifty (50) per cent of the interest of such beneficiaries in my trust estate." The present controversy is largely concerned with the construction of the fourth paragraph which reads: "I direct that the said Trustee, after such distribution of fifty per cent of the principal of my trust estate, shall continue to pay the income from my trust estate to the beneficiaries thereof for a period of ten years from the time of the distribution as set forth in Paragraph 3 and that at the expiration of this period, said Trustee shall distribute the balance of my trust estate to the beneficiaries thereof."

The ten-year period provided for in paragraph 3 expired in 1941; the second ten-year period provided for in paragraph 4 expired in 1951. No distribution was made at the expiration of either period.

584

The seventh paragraph provides: "In case any income becomes payable to an infant or to a person under disability I direct that the Trustee itself expend such person's income in whatever way it thinks best for his or her support and education, instead of making the payment to the legally appointed guardian or conservator of such person." The eighth paragraph reads: "I further direct that the payments to all beneficiaries of my estate be made to such beneficiaries in person or upon their personal receipt, and that no interest of any beneficiary be assignable in anticipation of payment or be liable in any way for such beneficiary's debts." Other provisions of the will are not relevant.

The Oak Park Trust & Savings Bank served as trustee until it resigned in 1934. Jean MacDonald, the wife of James MacDonald, has since served as successor trustee under the will, by appointment of the superior court of Cook County. On March 30, 1938, Gertrude MacDonald was declared incompetent by the probate court of Cook County. The Metropolitan Trust Company was appointed conservator of her estate. Her brother, James MacDonald, appears to have been appointed conservator of her person. Later in 1938 James MacDonald was appointed successor conservator of his sister's estate and acted in that capacity until September of 1951, when the probate court of Cook County removed him for his failure to comply with an order directing him to obtain and file a current report from the successor trustee, his wife, and to file annually a report of his ward's interest in the trust. MacDonald declined to comply with the order upon the ground that administration of the trust was not within the jurisdiction of the probate court. The La Salle National Bank was appointed successor conservator to MacDonald.

By its amended complaint in the action before us, La Salle National Bank, as successor conservator, sought the removal of Jean MacDonald as trustee, the appointment

of a successor trustee, termination of the trust and a direction to the trustee to turn over to plaintiff the property found to be due to Gertrude MacDonald, and an accounting. The principal issue which the pleadings developed was whether or not a distribution of the *corpus* of the trust should be decreed. On that issue a master in chancery found in favor of the plaintiff.

The decree appealed from confirmed the report of the master, declared the testamentary trust terminated and ordered distribution of the net assets of the trust, one half to Gertrude MacDonald, incompetent, and one half to James MacDonald. The parties were directed to exercise their best efforts to agree upon a distribution in kind of the assets of the trust. The decree provided that if, at the expiration of forty days from the date of its entry, agreement upon such a distribution had not been reached, any party might apply for the entry of appropriate orders to accomplish distribution. The successor trustee was directed to render a full and complete accounting within ninety days from the date of entry of the decree.

Defendants, Jean MacDonald, the successor trustee, and James MacDonald, contend that the will does not require a termination of the testamentary trust at the end of twenty years. In particular, it is urged that the trust should not terminate as to Gertrude MacDonald until she is restored to competency or until her death. In the alternative, defendants contend that even if the will does require distribution of the trust estate at the end of twenty years, distribution should not have been ordered because it is not in the best interests of the incompetent beneficiary. Plaintiff's position is that since the period fixed by paragraphs 3 and 4 has expired, the trust estate must be distributed forthwith to the beneficiaries, or, in the case of Gertrude MacDonald, to her conservator; that incapacity of a beneficiary does not necessarily limit the termination of a trust, and that the present trust terminates in accordance with

its explicit provisions, irrespective of the legal disability of Gertrude MacDonald.

The provisions of paragraphs 3 and 4 which direct distribution of one half of the trust estate to the beneficiaries at the end of ten years, and distribution of the balance at the end of twenty years, are unequivocal. But it is argued that doubts as to the provisions for termination arise from paragraphs 7 and 8. Paragraph 7 provides that in the event any "income" becomes payable either to an infant or to a person under disability, the trustee shall expend such person's income as it deems best for his or her support and education, "instead of making the payment to the legally appointed guardian or conservator of such person." Paragraph 8 provides that the "payments" to all beneficiaries be made to them in person and upon their personal receipt, and that "no interest of any beneficiary be assignable in anticipation of payment or be liable in any way for such beneficiary's debts." On the basis of these provisions, coupled with the fact of Gertrude MacDonald's incompetence, it is argued that the testator did not intend that the trust be terminated so long as Gertrude MacDonald lives and remains incompetent.

We do not read paragraphs 7 and 8 as qualifying the specific provisions relating to termination. Paragraph 7 relates solely to the "payment" of income from the trust. And the opening words of the next paragraph, "I further direct that the payments" also seem to relate most naturally to payments of income. Use of the plural "payments" in paragraph 8 does not, we think, indicate an intention to include principal as well as income. The testator consistently distinguished between the "payment" of income and the "distribution" of principal.

The parties agree that paragraph 8 created a spendthrift trust. That paragraph is a stock spendthrift clause. It refers to the payment of income during the twenty-year period the testator expected the trust to be in effect after

his wife's death. But because the testator did not desire the income from the trust to be managed by a conservator, it does not follow that he intended also to abandon his clearly expressed purpose that distribution occur at the end of twenty years. He used no words which even intimated that distribution of the principal should be deferred for any reason. His will does not, we think, admit of the construction that incompetency of one beneficiary shall be a continuing bar to distribution, and thus deprive the other beneficiary of control of his share of the principal of the trust.

Defendants urge that even if, as we hold, the trust has terminated under the provisions of the will, equity should not direct distribution of the *corpus* because distribution would be injurious to the estate and not in the best interests of the incompetent beneficiary. When the creator of a trust specifically fixes its duration, his direction will, if not in violation of the rule against perpetuities, normally be given effect. (2 Restatement of the Law of Trusts, sec. 334; *Friese* v. *Friese,* 373 Ill. 216; *Kohtz* v. *Eldred,* 208 Ill. 60.) But the trust will not terminate on the expiration of the period fixed, if at that time the purposes of the trust have not been accomplished and if the settlor indicated that the trust should continue until the accomplishment of its purposes. In such a case, the provision that the trust terminate on the expiration of the period is regarded as directory. 2 Restatement of the Law of Trusts, sec. 334, Comment a.

Various reasons are here advanced for continuing the trust. Defendants point out that upon termination of the trust the incompetent's interest in the hands of the conservator will forthwith become subject to liabilities incurred by herself or her conservator in the past, and those which may be incurred in the future. That result flows, however, from the termination of the trust rather than from the incompetence of the beneficiary. The testator's concern

was that the beneficiaries, competent or incompetent, should receive the income free of claims of creditors during the twenty-year life of the trust; he showed no interest in the preservation of their shares intact after termination of the trust. Had he so desired, he could readily have provided specifically that there be no distribution during the life of either beneficiary.

Defendants say that liquidation of the trust estate will result in "an enormous, perhaps ruinous, capital gains tax." But this consideration is by no means peculiar to the trust before us. If the tax on capital gains operates to bar the termination of trusts and distribution of trust property, a specific direction as to the duration of a trust would be of dubious value.

The testator did not see fit to direct postponement of the distribution of principal in the unhappy event of the legal disability of a beneficiary, and a court of equity will not postpone distribution in the absence of compelling circumstances. It is at least as reasonable to assume that the testator desired to have the share of the incompetent. beneficiary placed under the supervision of a conservator, functioning under constant judicial scrutiny, rendering accountings regularly, as to have the share continue in the hands of a trustee until her restoration or death, without, according to defendants, an obligation to account. Upon the record made, defendants have failed to show that the incompetent's interests will not be adequately protected and her property preserved by the conservator. The degree of her incompetency does not appear. Evidence as to her monetary needs is lacking. And the record fails to disclose whether she is in a public or private institution, or resides with her brother and his family.

Defendants assert that, in any event, the decree must be reversed to the extent it directs distribution to James MacDonald of his share of the *corpus* because neither he nor the trustee desires such distribution and for the addi-

tional reason that plaintiff has no interest in his share. We are concerned, however, with the intention of the testator, and not the desire of the beneficiary. If James MacDonald wants his wife to serve as trustee of a trust consisting of his share of the property now in the testamentary trust, he can so arrange. Neither reversal nor modification of the decree is required to achieve this result.

Finally, defendants contend that the master's fees and costs should not have been ordered paid out of the general assets of the trust estate for the reasons (1) that this action was a suit for partition and plaintiff failed to make contingent remaindermen parties; (2) that the proceeding could not possibly be of any benefit either to the estate or to the incompetent; (3) that the question of construction was precipitated solely because of the incompetence of Gertrude MacDonald, whose share of the trust estate, under her father's will, is not liable for her liabilities. Our disposition of the principal issues has resolved the second and third points adversely to defendants. As to the first, James MacDonald's nine children, the contingent remaindermen, were made parties defendant by the trustee's counterclaim. Moreover, the present action is not a suit for partition, as defendants recognized by their admission that the master correctly stated their contentions, one being that distribution of the principal to the conservator "might result in the filing of a partition suit."

Under the applicable statute, costs in chancery cases, with exceptions not now material, rest in the discretion of the court, (Ill. Rev. Stat. 1953, chap. 33, par. 18,) to be exercised according to equitable rules and principles. (*Cahill* v. *Cahill,* 402 Ill. 416.) Here, an honest and legitimate difference of opinion made it necessary to obtain a construction of the will in order to determine the validity of adverse claims. This being so, the costs allowed by the trial court were properly ordered paid from the trust estate. (*In re Estate of Reeve,* 393 Ill. 272; *Guerin* v. *Guerin,*

270 Ill. 239.) Although the decree found that the respective parties were entitled to recover their solicitors' fees to be paid from the general funds of the trust estate, fees were neither fixed nor awarded. The question whether they are properly chargeable against the trust is therefore premature. *Laterza* v. *Murray,* 2 Ill. 2d 219.

The decree of the circuit court of Cook County is affirmed.

*Decree affirmed.*