William S. Westerman and Philip A. Westerman, Plaintiffs-Appellees, v. Virgil L. Gilmore and Paul E. Gilmore, Partners d/b/a Gilmore Ford Sales, Defendants-Appellants.

Gen. No. 10,170.

Third District.

May 21, 1958.

Released for publication June 7, 1958.

 

Londrigan and Londrigan, of Springfield, and L. K. Hubbard, of White Hall, for appellants.

O'Neill & O'Neill, of Alton, and Julian Hutchens, of White Hall, for appellees.

PRESIDING JUSTICE CARROLL delivered the opinion of the court.

Under date of May 11, 1954, plaintiffs leased certain premises to the defendants for a term of five years with an option of an extension for an additional five years at a rent of $225 per month payable in advance.

On September 13, 1956, plaintiffs served a notice upon the defendants. This notice, omitting the description of the premises and the signatures of the lessors, is as follows:

"TO: VIRGIL L. GILMORE, PAUL E. GILMORE, PARTNERS, D/B/A GILMORE FORD SALES, WHITE HALL, ILLINOIS.

The undersigned landlords hereby notify you and each of you as Tenants that they have, because of default in the payment of rent, elected to determine your lease bearing date, to-wit: the 11th day of May, A. D. 1954, and tenancy of the premises occupied by you and each of you and more particularly described as follows, to-wit:

(description omitted)

457

You and each of you above named are hereby notified to vacate the said premises on or prior to November 1, 1956.

Dated this 11th day of September, A. D. 1956."

On October 26, 1956, defendants paid the plaintiffs $950 which was the amount of the rent due under the lease up to November 11, 1956. On November 8, 1956, defendants paid plaintiffs $225 for the rent to December 11, 1956. On December 13, 1956, plaintiffs filed their complaint in forcible entry and detainer praying judgment for possession of the premises described in the lease and damages. Defendants filed a motion to dismiss the complaint which was overruled. Subsequently, motions for summary judgment by both parties were overruled and on April 18, 1957, defendants answered the complaint denying the unlawful withholding of possession of the premises in question and averring that all rent due was paid to and accepted by plaintiffs prior to both the date named in the notice to vacate and the date of the filing of the complaint. On October 4, 1957, plaintiffs with leave of court, filed an amendment to the complaint alleging the defendants to be in default in their tenancy for non-payment of rent during the period from June 11, 1957 to September 11, 1957 and praying that defendants be required to deposit security for all rent due and to become due until final determination of the case. On the same date plaintiffs moved for summary judgment and filed an affidavit in support thereof. Defendants then filed their counter-affidavit setting up payment of all rent due plaintiffs to October 3, 1957. Attached to the counter-affidavit is a copy of plaintiffs' receipt for said rent dated October 3, 1957.

The Circuit Court allowed plaintiffs' motions, entered judgment for possession of the premises in their favor and defendants have appealed.

■ Defendants urge reversal upon 2 grounds: (1) that the notice upon which plaintiffs' action is predicated does not comply with Sections 8 or 9 of the Landlord and Tenant Act (Chap. 80, Illinois Revised Statutes, 1955); (2) that by accepting rent for a period beyond the date of the attempted termination of the lease, plaintiff waived breach of the covenant to pay rent.

Sec. 8 of the Landlord and Tenant Act provides:

"That a landlord or his agent may, any time after rent is due, demand payment thereof and notify the tenant, in writing, that unless payment is made within a time mentioned in such notice, not less than five days after service thereof, the lease will be terminated. If the tenant shall not within the time mentioned in such notice, pay the rent due, the landlord may consider the lease ended, and sue for the possession under the statute in relation of (to) forcible entry and detainer."

To comply with this section a notice served thereunder must include a demand for payment of rent within a certain time. If tenant fails to pay the rent within the time specified, the landlord may sue for possession. Since plaintiffs' notice included no demand for rent, it does not meet the requirements of Sec. 8. Section 9 of said Act provides that when default is made in any of the terms of a lease, the same may be terminated by giving the tenant 10 days notice to quit, or of the termination of the lease. A form of the notice which may be used is set out in this section. Since the lease in question provides for payment of rent, failure to pay the same constituted a default in the terms thereof.

■ The record suggests no doubt but that plaintiffs sought to terminate the lease because of defendants' non-payment of rent. It was so stated in the notice. Plaintiffs appear to have followed the proce-

459

dure outlined in Sec. 9 of the Landlord and Tenant Act and while the date specified in the notice exceeded 10 days, such factor would appear to have no significance. Either Sec. 8 or 9 may be followed in terminating a tenancy in default of payment of rent. The purpose of and distinction between Secs. 8 and 9 has been pointed out by the Supreme Court in Woods v. Soucy, 166 Ill. 407, where it is said:

"Section 8 includes one means of terminating a tenancy and section 9 another. Each is separate, full, distinct and entire in itself. Neither has reference to the other to give it vitality. By the provisions of section 9 of the Act, when default is made in the terms of a lease the landlord may give ten days' notice of the termination of such tenancy at any time after such default. The payment of rent is one of the usual and ordinary terms of a lease. When such notice is given under the provisions of that section, it is expressly provided that no other notice or demand for possession or termination of such tenancy shall be necessary. It is clear the meaning of the words 'no other notice . . . shall be necessary' for the termination of a tenancy, as used in section 9, is to exclude the idea that there must be a demand of payment and notice of termination of the tenancy, as in section 8. Any other construction would render necessary the exclusion of the words above quoted. The purpose of both sections 8 and 9 is the termination of a tenancy. By each section the manner of terminating such tenancy is declared. In the first case, after rent is due, the landlord may demand payment, and notify the tenant, in writing, that unless payment is made within a time mentioned, not less than five days after service, the lease will be terminated. If the tenant shall not, within the time mentioned, pay the rent due, the landlord may sue without further notice or demand. By Section 9, if a lease exists which provides for payment of rent,

and there is a default in that covenant, the landlord may give the notice authorized by that section—as was given in this case—to quit and deliver up possession. Under section 8 the tenant has five days after service to pay rent. Under section 9 he has ten days within which to pay rent. (Chapman v. Kirby, 49 Ill. 211; Gradle v. Warner, 140 id. 123.) Payment of rent within those times would defeat a right of recovery under these respective sections."

██ Since the lease in question contains no forfeiture clause and no waiver of notice, plaintiffs could not maintain an action for possession without first giving notice of their intention to terminate the lease as required by the Landlord and Tenant Act. Obviously, the notice served indicates recognition of such fact and must be held to constitute a notice to quit as provided by Section 9 of the Act.

Aside from the foregoing, we think the determinative issue on this appeal is not the sufficiency of the notice to comply with either Section 8 or 9 of the Landlord and Tenant Act but whether acceptance by plaintiffs on October 26, 1956 of the rent due up to November 11, 1956, which was beyond the date fixed for termination of the lease, waived the default specified in the notice. That the rent was thus paid to and accepted by plaintiffs is in no manner disputed. The law applicable to such a situation appears to be well settled. In Foster v. Rudis, 196 Ill. App. 174, the plaintiff on December 2, 1914 served notice upon defendants that in consequence of their failure to pay $400 rent, which became due December 1, 1914, he had elected to terminate their lease and notified them to deliver possession within 10 days. Plaintiff began suit for possession on December 14. On the trial, defendant sought to show that on December 4 he paid plaintiff $375 and tendered the balance of the rent which plaintiff refused to accept. The trial court re-

461

fused to admit this testimony. In reversing the trial court, the appellate court said:

"Appellee claims in support of this ruling that under section 9 of the Landlord and Tenant Act (J. & A. 7047), when the tenant fails to pay his rent and the landlord serves such a notice, the lease is thereby terminated, and that the tenant cannot escape from the result and the landlord has a right to possession after ten days. Our Supreme Court in a long line of decisions has held to the contrary and has held that, if the tenant pays the rent in arrears within ten days after service of such notice, the forfeiture of the lease is thereby prevented. Among those cases are Chadwick v. Parker, 44 Ill. 326; Chapman v. Kirby, 49 Ill. 211; Cone v. Woodward, 65 Ill. 477; Leary v. Pattison, 66 Ill. 203; Woodward v. Cone, 73 Ill. 241. Appellee contends that since these decisions there has been some slight change in the statute, which obviates their force. In 1897, in Woods v. Soucy, 166 Ill. 407, since section 9 assumed its present form, this whole subject was reviewed at length, and it was held that by paying rent within ten days after notice a forfeiture was avoided."

In Arado v. Maharis, 232 Ill. App. 282, we find this statement: "The law is well established that the receipt of rent by the landlord, accruing subsequent to a breach of the conditions of the lease, with knowledge of the fact, waives the right of forfeiture for such breach." Other cases wherein the same principle has been announced and applied are Goldberg v. Pearl, 306 Ill. 436; Vintaloro v. Pappas, 310 Ill. 115; Gaskins v. Ristich, 339 Ill. App. 493; Garbaczewski v. Vanucci, 342 Ill. App. 367.

In view of the foregoing decisions, we hold that by accepting payment of rent up to November 11, 1956, plaintiffs waived the breach of the terms of the lease upon which they relied for forfeiture in their

notice. As a result they were without a basis upon which to maintain their action and defendants' motion to dismiss the same should have been allowed. The amendment of the complaint refers only to breaches of the covenants of the lease occurring subsequent to November 1, 1956 and in effect attempted to state a new cause of action. Lacking as it does any proof of notice to the defendants of plaintiffs' intention to forfeit the lease for these subsequent breaches it could not stand as a sufficient complaint under the Forcible Entry and Detainer Act. '

For the reasons indicated, the judgment of the Circuit Court of Greene county is reversed and the cause remanded with directions to allow defendants' motion to dismiss the complaint.

Reversed and remanded with directions.

REYNOLDS and ROETH, JJ., concur.