(No. 37665.— ▉▉▉▉▉▉▉

MANLEY WEISS, Appellee, *vs.* EDWIN A. JOHNSON *et al.,* Appellants.

*Opinion filed May 27, 1963.*

McNeilly & Olivero, of Peru, for appellants.

Hollerich & Hurley, of La Salle, for appellee.

Mr. Justice House delivered the opinion of the court:

The defendant, Edwin A. Johnson, appeals from a decree of the circuit court of Putnam County granting specific performance of an option contained in a lease to purchase approximately 5½ acres and an easement for ingress and egress. A freehold is involved.

The parties entered into a written lease of the tract to be used by plaintiff, Manley Weiss, for the purpose of conducting a marina. It was dated April 1, 1957, to continue to April 1, 1958, at an annual rental of $150 per year, payable in advance. The lease provided that plaintiff could renew it for successive 1-year periods by giving defendant written notice of his intention to renew on or before January 1 of each year, final termination to be April 1, 1962. It also granted an option to plaintiff to purchase the leased premises and a 50-foot perpetual easement during the term of the lease or any extension or renewal thereof for $500 per acre, to be exercised by a written notice signifying his election to purchase. Within 10 days of such notice defendant was to convey by quitclaim deed and plaintiff was to pay rent to the date of completion of the sale. On May 28, 1958, a supplemental agreement was made by the parties which authorized plaintiff to remove all buildings, structuries and improvements placed upon the land by him at the termination of the lease.

Plaintiff went into possession and constructed roads,

boat docks and gas pumps, piped water to the premises and caused utilities to be extended to the premises at a cost of $4600, exclusive of the buildings erected.

On January 4, 1961, defendant served plaintiff with a notice dated January 3, 1961, demanding possession on April 1, 1961, on the ground that plaintiff had failed to exercise his option to extend the term for an additional year from that date. On March 20, 1961, plaintiff served a notice of election to purchase the premises pursuant to the option contained in the lease and tendered $3040 in cash on March 31 and again on April 1, 1961, an amount equalling $500 per acre according to survey for both the demised premises and the acreage contained in the easement strip. This suit followed on April 3, and the purchase price was deposited with the clerk of the court.

Defendant asserts that the covenants of the lease were breached in the following respects: failure to give notice of intent to renew, failure to pay rent before the due date in April 1959, and failure to pay any rent for the year beginning April 1, 1960.

Plaintiff testified that his wife prepared and gave his election to extend the lease for one additional year by first class mail in December 1957 and in December 1958 and that he mailed a notice of election to renew in December 1959. The master's finding, confirmed by the court, that notices were given was not against the manifest weight of the evidence and will not be disturbed. (*Lucey* v. *Shelton,* 24 Ill.2d 471.) The rent payable in 1959 was paid by a check dated April 1, 1959, was delivered on April 2, 1959 and cashed by defendant the same day. Although plaintiff's payment of one year's rent in advance was one day late, defendant's acceptance of the payment shows he elected to treat plaintiff as a tenant under the terms of the lease. *Eppstein* v. *Kuhn,* 225 Ill. 115.

The remaining question of fact is whether rental was paid for the period from April 1, 1960, to April 1, 1961.

Early in the spring of 1959 defendant borrowed an outboard motor from plaintiff. Apparently he had capsized a boat while the motor was attached and plaintiff wanted him to purchase it. Both plaintiff and his wife testified that on July 25, 1959, it was agreed that defendant purchase the motor for $150 and that it be in exchange or payment for a like amount of rent due in 1960. Defendant's testimony was equivocal. He stated that, "They wanted me to take it as rent but I never agreed to nothing," but admitted that he kept the motor and has never paid cash for it. The chancellor's holding that this constituted payment of rent for the year beginning April 1, 1960, was entirely justified. Thus, under the findings of the trial court, with which we agree, the lease containing the option to purchase was in full force and effect from April 1, 1957, to April 1, 1961. There was much testimony concerning the attempted delivery of an election to renew the lease for the year beginning April 1, 1961, and $150 in cash as rent for the ensuing year. In our view this does not concern the issue presented and will not be discussed.

The notice by defendant dated January 3, 1961, demanded possession on April 1, 1961, for failure "to exercise your option under said lease to extend the term thereof". We observe parenthetically that this is practically an admission of the ultimate finding of fact by the trial court that the lease was in effect to April 1, 1961, since the notice undoubtedly referred to the alleged failure to give notice prior to January 1, 1961, for the coming year. Defendant raises the novel theory that the lease terminated on the day of the foregoing notice so that exercise of the option to purchase by plaintiff on March 20, 1961, was ineffective. The authorities and cases cited in support of that position deal with the question of severability of the option and the lease where there has been a breach of a covenant. There was no breach of any covenant since failure to exercise an option to renew would only constitute nonexercise of a

right. The notice does not even pretend to terminate because of a breach but merely demands possession at the end of the last extended term. This point is unworthy of further comment.

We find no error in the decree of the circuit court of Putnam County and it is affirmed.

*Decree affirmed.*