LA SALLE NATIONAL BANK, as Trustee, *et al.*, Plaintiffs-Appellees, v. HADI A. KHAN *et al.*, Defendants-Appellants.

First District (1st Division)   No. 1—88—2246

Opinion filed October 16, 1989.—Rehearing denied December 18, 1989.

Mathewson, Hamblet & Casey, of Chicago (Harry Golter and Burton Sapoznick, of counsel), for appellants.

Brodsky & Hoxha, of Chicago (Joel Brodsky and Bahtiar Hoxha, of counsel), for appellees.

JUSTICE O'CONNOR delivered the opinion of the court:

This is an appeal from a judgment awarding possession to plaintiffs La Salle National Bank and Ahmo Hamzagic in an action brought for forcible entry and detainer.

Defendants, Hadi and Sartaj Khan, entered into a 15-year commercial lease, beginning May 1, 1987, for the property at 1313 Wilson Avenue in Chicago, for the purpose of operating a coin-operated laundry. The lease was signed by the Khans as tenants and La Salle National Bank as landlord, as trustee of a trust dated May 2, 1961. Pursuant to paragraph G of the trust agreement, the trust was to expire May 2, 1981. The lease provided that rent was due on the first day of each month and that rent was to be paid to the landlord at 135 South La Salle Street.

Plaintiff Ahmo Hamzagic was the beneficiary of the trust, and from May 1987 until January 1988 collected the rent for the property from the Khans. The Khans wrote their checks payable to Hamzagic and, despite the provisions of the lease, paid the rent after the first of the month, typically around the tenth of each month. Through January 1988, Hamzagic accepted the late payments. In addition to the rent, the Khans paid Hamzagic for a scavenger service for the property. The parties disagree as to whether payments for the scavenger service constituted partial payment of rent.

In February 1988, attorney Bahtiar Hoxha sent a letter to the Khans on behalf of Hamzagic. The letter stated:

"Please be advised that [Hoxha] represents Mr. Ahmo Hamzagic, the sole beneficiary of La Salle National Bank Trust No: 27819, Lessor.

My client advises me that you have been paying your rent on the tenth day of the month. However, the rent is due on the first of each and every month.

This letter will serve notice to you that as of March 1, 1988 my client will not accept rent payments from you that are not timely.

NOTE, any payment of rent made after the first day of the month in which it is due will be treated as a breach of the Store Lease." (Emphasis in original.)

The rent for March 1988 was paid on March 1. The rent for April 1988 was not paid until April 6. On April 7, plaintiffs filed an action for forcible entry and detainer. On April 13, 1988, the rent check was returned to the Khans with a letter notifying the Khans that the lease had been breached. Checks for payment of the scavenger service for April and May of 1988 were not returned and were entered at trial as plaintiffs' exhibits.

The trial court denied defendants' motion for a directed verdict at the close of plaintiffs' case. Defendants then sought to introduce a parol modification of the lease allowing rent payments later in the month. The trial court refused to admit the testimony as violative of the parol evidence rule and granted judgment for plaintiffs. Defendants now bring this appeal.

Defendants' first contention on appeal is that there was no basis for maintaining an action for forcible entry and detainer as plaintiff Hamzagic had the rent check in his possession when he filed suit on April 7, which constituted acceptance of the rent and a waiver of his right to sue under the holdings of *Plasti-Drum Corp. v. Ferrell* (1979), 70 Ill. App. 3d 441, 388 N.E.2d 438, and *Westerman v. Gilmore* (1958), 17 Ill. App. 2d 455, 150 N.E. 2d 660. Plaintiff Hamzagic points out that after defendants were notified that any future late payment would be considered a breach of the lease, the rent payment for April 1987 was tendered six days late. Hamzagic further contends that as the lease contained a waiver of notice clause, he was not required to declare a forfeiture before bringing an action for possession.

■ Defendants correctly state that failure to enforce conditions of a lease, such as the covenant for prompt payment of rent, can give rise to a waiver of that condition. (See *Okey, Inc. v. American National Bank & Trust Co.* (1981), 96 Ill. App. 3d 987, 992, 422 N.E.2d 221.) Moreover, a lessor's acceptance of later accruing rent, where the lessor has knowledge of the lessee's breach of the lease, constitutes a waiver of the forfeiture. (See, *e.g., Weiss v. Johnson* (1963), 28 Ill. 2d 259, 261, 190 N.E.2d 834.) Where the lessor waives lessee's forfeiture by an act inconsistent with the declaration of a forfeiture, such as the acceptance of late rent payments, the lease continues in force. *Okey, Inc. v. American National Bank & Trust Co.* (1981), 96 Ill. App. 3d

987, 992, 422 N.E.2d 221.

■ Defendants here, however, were notified in writing by plaintiff's agent that future late payments would be considered a breach of the lease. In light of this notification and the existence of the waiver of notice provision in paragraph 13 of the lease, there is no merit to defendants' argument that plaintiff was required to give additional notice that he intended to declare a forfeiture. Further, although plaintiff received the late payment one day before filing suit and the check was not returned to defendants until April 14, 1987, there is no basis for concluding that plaintiff "accepted" the check in that the check was not endorsed or deposited and the filing of the suit for forcible entry and detainer immediately after the late receipt of the check clearly manifested plaintiff's intent to not accept the rent.

*Westerman v. Gilmore* (1958), 17 Ill. App. 2d 455, 150 N.E.2d 660, relied upon by defendants, is not to the contrary. The landlords in *Westerman* sought to terminate a lease based on defendants' nonpayment of rent. The lease in question contained no forfeiture clause and no waiver of notice. Citing numerous cases in which retention of rent had been held to constitute a waiver of forfeiture, the court held that the plaintiffs had waived the default specified in their notice by accepting and retaining rent due up to a date which was beyond the date fixed for the termination of the lease. The distinction between *Westerman* and the instant case is that here, the lease contained a waiver of notice clause, and more important, plaintiff Hamzagic did not "accept" rent for a period "beyond the date of the attempted termination of the lease" (*Westerman*, 17 Ill. App. 2d at 459) and therefore did not waive the breach of the covenant to pay rent.

■ Defendants also argue that plaintiff had accepted partial payment of rent at the time of trial in that he had retained checks for scavenger services for the months of April and May 1988, which they assert constituted additional rent under paragraph 2 of the lease. Defendants rely on *Bernstein v. Weinstein* (1920), 220 Ill. App. 292, 296-97, in which the court stated that acceptance of any part of rent subsequent to a breach constitutes consent to the tenancy.

This argument does not accurately state the terms of the lease. Paragraph 2 of the lease provides that in addition to the specified rent, defendants were responsible for any costs incurred for water, gas, and electricity. Any of such sums paid by the lessor would be considered additional rent and would be payable by defendants with the next installment of rent. This paragraph makes no reference to scavenger service. The proviso that defendants were responsible for the costs of a scavenger service for the leased property was contained in

paragraph R—16 of the rider to the lease, which makes no reference to such costs being considered additional rent.

■ Defendants next contend that the certified letter they received from Hamzagic's lawyer regarding the breach of the lease did not constitute proper notice of the intent to declare a forfeiture as La Salle National Bank, as trustee, was the only party with authority to do so. Defendants argue that the lease does not show Hamzagic as having an interest under the lease, and therefore, as there is no privity between Hamzagic and defendants, any person acting as Hamzagic's attorney would have no basis for issuing a notice under the lease. Defendants rely on *Kurek v. State Oil Co.* (1981), 98 Ill. App. 3d 6, 424 N.E.2d 56, in which this court held that the lessee of property held in a land trust failed to properly exercise his option to renew the lease term where the lessee gave notice of an intent to exercise the option to the trust beneficiary instead of to the trustee, who had executed the lease as lessor.

This argument ignores the rider attached to the lease, dated May 22, 1987, and executed by La Salle National Bank as trustee, which states in part "that said Trustee has no control over, and under this Lease, assumes no responsibility for (1) the management or control of such property, (2) the upkeep, inspection, maintenance or repair of such property, [or] (3) the collection of rents or the rental of such property \*\*\*." Paragraph G of the trust agreement also provides that the beneficiary of the trust has sole control over the management and renting of the property. Significantly, defendants do not dispute that Hamzagic is the sole beneficiary of the trust nor do they deny that all of their rent payments were paid to Hamzagic rather than to the bank. On these facts, there is no basis for finding that Hamzagic or his agent lacked authority to enforce the terms of the lease.

■ Defendants also maintain that the trial court improperly excluded certain parol evidence offered by them regarding modification of the lease terms as to payment of rent. Defendants point out that although the lease provided for rent to be paid to La Salle National Bank, it was actually paid to Hamzagic, either at defendants' place of business or mailed to Hamzagic's residence. Defendants also point to their consistent late payments of rent and the requirement that defendants cover the cost of scavenger services as indicating parol modification of the terms of the lease. As previously noted, the trustee's rider provided that the trustee was not responsible for the collection of rents. This matter was addressed by the rider and does not constitute a parol modification. Similarly, paragraph R—16. of the rider to the lease sets forth defendants' responsibility to pay for scav-

enger services. Thus there is no basis for finding that that requirement constitutes a parol modification of the lease.

Plaintiff Hamzagic concedes that because for several months he accepted late payments of rent, there was an implied agreement to allow late payment of rent, but argues that any waiver of his right to timely rent payments was terminated by the notice of February 19, 1988, demanding timely payment of rent. This argument is not, contrary to defendants' assertion, inconsistent with *Donovan v. Murphy* (1920), 217 Ill. App. 31, 35, which held that where a landlord had consistently accepted late rent contrary to the provisions of a lease, the landlord was required to notify the lessee in writing of its intention to insist on strict compliance with the lease prior to declaring a forfeiture.

Defendants' final argument is that as the trust had expired by its own terms on May 1981, and under the express terms of the lease and the trust agreement, the trustee was the only person with the power to act as the landlord under the lease, there was no one who could act to forfeit the lease on behalf of the landlord. Defendants contend that there is no evidence that they had any knowledge of the trust agreement at the time the lease was executed nor that the trustee's term had expired. Defendants maintain that consistent with *Feinberg v. Great Atlantic & Pacific Tea Co.* (1971), 131 Ill. App. 2d 1087, 266 N.E.2d 401, plaintiffs must bear the consequences of the deficiency in the trust arrangement.

■■ The general rule is that a provision in a trust agreement specifically fixing the date of expiration will be given effect, provided it is not in violation of the rule against perpetuities. (*La Salle National Bank v. MacDonald* (1954), 2 Ill. 2d 581, 587, 119 N.E.2d 266.) Where the expiration date has been established, the courts will not extend the period of the trustee's control absent the consent of the beneficiaries. (See, *e.g., Morris v. The Broadview, Inc.* (1946), 328 Ill. App. 267, 272, 65 N.E.2d 605; *Friedberg v. Schultz* (1941), 312 Ill. App. 171, 175-76, 38 N.E.2d 182.) The arrival of the time fixed in a trust agreement for expiration will not, however, automatically terminate the trust. (See *Breen v. Breen* (1952), 411 Ill. 206, 210, 103 N.E.2d 625; *Smith v. Kelley* (1944), 387 Ill. 213, 224, 56 N.E.2d 360.) As stated by the court in *La Salle National Bank v. MacDonald* (1954), 2 Ill. 2d 581, 119 N.E.2d 266:

> "[A] trust will not terminate on the expiration of the period fixed, if at that time the purposes of the trust have not been accomplished and if the settlor indicated that the trust should continue until the accomplishment of its purposes. In such a

case, the provision that the trust terminate on the expiration of the period is regarded as directory. [Citation.]" 2 Ill. 2d at 587.

In *Morris v. The Broadview, Inc.* (1946), 328 Ill. App. 267, 65 N.E.2d 605, the court similarly stated that while:

"[C]ourts of equity will not permit trustees to extend without authority the life of a trust. *** [N]either reason nor authority has been advanced for denying the right of persons free to contract to grant to trustees the power to extend the trust in whatever manner and upon whatever conditions the creators of the trust may designate." *Morris*, 328 Ill. App. at 272.

As plaintiff Hamzagic is the sole beneficiary of the trust, it is reasonable to assume that by granting the trustee bank the authority to enter into the instant lease, he intended to extend the life of the trust. We therefore conclude that the lease entered into between La Salle National Bank and the defendants was not invalid and that Hamzagic, as the beneficiary of the trust, had the authority to ratify the trust and, consequently, maintain an action for forcible entry and detainer.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

MANNING, P.J., and CAMPBELL, J., concur.